IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7003**

| | | |
|---|---|---|
| ILLINOIS CENTRAL SWEEPING SERVICE, INC., | ) ) ) | |
| plaintiff, | ) ) | Case no. |
| v. | ) ) ) | **JUDGE HOLDERMAN** <br> **MAGISTRATE JUDGE COLE** |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS and ITS AFFILIATE, LOCAL UNION No. 731, TIM DUNLAP and TOM BROWN, ITS BUSINESS AGENTS | ) ) ) ) ) ) | |

NOTICE OF REMOVAL

TO: The Honorable Judges of the United States District Court
for the Northern District of Illinois, Eastern Division

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendants International Brotherhood of Teamsters and its affiliate, Local Union No. 731, Timothy Dunlap and Thomas Browne, file a Notice of Removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division, which is now pending in the Circuit Court of Cook County, Illinois, County Department. In support of this removal, defendants state:

1. According to Cook County Court Clerk records, on August 21, 2007, plaintiff filed a complaint against defendants in the Circuit Court of Cook County, case no. 07 CH 22793. Before any defendants received the complaint, by service or otherwise, defendants Teamsters Local Union No. 731 ("Local 731"), Dunlap and Brown received on November 14, 2007 a notice of motion to file an amended complaint, which motion was granted by the Circuit Court of Cook

County on November 20, 2007. A copy of the motion and amended complaint are attached as Exhibit A, and the November 20, 2007 Order granting plaintiff leave to file the amended complaint, are attached as Exhibit B to this Notice of Removal.

    2.    This action arises from an alleged labor dispute (see amended complaint ¶ 13).[1] Removal is effected here both because a federal question is presented on the face of plaintiff's complaint when properly pleaded and because portions of plaintiff's complaint are completely preempted by federal law.

    3.    Plaintiff essentially raises two claims in its complaint. First, that defendants have induced or coerced plaintiff's customers, who are uninvolved in the labor dispute, to cease doing business with plaintiff. Second, that defendants wrongly accuse plaintiff of violating its labor contract and have harmed it in connection with their efforts to enforce the labor contract.

    3.    Regarding its first claim, plaintiff alleges that defendants threatened plaintiff's customers to engage in picketing and, due to defendant's conduct, "some customers have refused to do business with plaintiff while others have told plaintiff to cease working on sites where plaintiff was hired to perform work" (¶ 11, 13; see also ¶30). Plaintiff does not allege that defendants have threatened or committed any acts of physical violence.

    4.    Removal to a district court is appropriate when a cause of action arises under federal law and over which federal courts have original jurisdiction. 28 U.S.C. §1441(a). The court will look to the face of a properly pleaded complaint to determine if a federal question is present. *Tifft v. Commonwealth Edison Co.*, 366 F.2d 513, 516 (7th Cir. 2004).

---

[1] All paragraph references herein are made to the attached amended complaint.

5.  The alleged conduct relating to plaintiff's customers would violate Section 8(b)(4) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §158(b)(4). *BE&K Construction v. Building Trades*, 156 F.3d 756, 761 (7th Cir. 1998). LMRA Section 303, 29 U.S.C. §187, confers original jurisdiction in the federal courts over suits for violation of LMRA Section 8(b)(4). See *Vaca v. Sipes*, 386 US 171, 179 (1967), *Farmer V. Carpenters*, 430 U.S. 290, 297 n. 8 (1977); *Etheridge v. Harbor House Restaurant*, 861 F.2d 1389, 1400 n. 7 (9th Cir. 1988). Accordingly, this claim is properly removed to federal court.

6.  Plaintiff further claims that defendants: wrongly accuse plaintiff of breaching its labor contract (¶¶ 30, 33, 37); caused plaintiff's employees to engage in an unauthorized work slowdown (¶¶ 10, 15); interfered with plaintiff's operations by auditing its compliance with the labor contract (¶¶ 14, 15); and breached the parties' new labor contract (¶ 21).

7.  LMRA Section 301, 29 U.S.C. §185, confers original jurisdiction on federal courts for judicial enforcement of labor contracts and has complete preemptive effect over state claims that are substantially dependent on analysis of a labor contract. *Caterpillar v. Williams*, 482 U.S. 386, 393-94 (1987); *J.W. Peters v. Ironworkers*, 398 F.3d 967, 972 (7th Cir. 2005).

8.  Each of the claims identified above in paragraph 6 is substantially dependent upon analysis of the terms of plaintiff's labor contract with Local 731 and is therefore completely pre-empted by LMRA Section 301.

9.  Accordingly, for two separate and independent reasons, under 28 U.S.C. §1441(b) this case should be removed to the United States District Court for the Northern District of Illinois for resolution of the federal questions presented in the complaint.

Respectfully submitted,


/s/ Robert E. Bloch
One of the attorneys for defendants


Robert E. Bloch
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue
19th floor
Chicago, IL 60603
312-372-1361