IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DEPARTMENT

| | |
|---|---|
| ILLINOIS CENTRAL SWEEPING SERVICE, INC, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND ITS AFFILIATE, LOCAL UNION NO. 731, TIM DUNLAP AND TOM BROWN, ITS BUSINESS AGENTS, <br><br> Defendants. | Case No. 07 CH 22793 |

**07 C 7003**

**JUDGE HOLDERMAN**
**MAGISTRATE JUDGE COLE**

### NOTICE OF MOTION

Teamsters Local Union No. 731
1000 Burr Ridge Parkway
Burr Ridge, Illinois 60527

Tim Dunlap, Business Agent
Teamsters Local Union No. 731
1000 Burr Ridge Parkway
Burr Ridge, Illinois 60527

Tom Brown, Business Agent
Teamsters Local Union No. 731
1000 Burr Ridge Parkway
Burr Ridge, Illinois 60527

Robert Bloch, Esq.
8 S Michigan Ave # 1900
Chicago, IL 60603

PLEASE TAKE NOTICE that on __11/20__, 2007 at __9:30 a.__m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Agran or any judge sitting in his stead in Room 2101, in the Richard J. Daley Center, Chicago, Illinois, and then and there present the attached **Motion**, a copy of which is attached hereto and served upon you.

### CERTIFICATE OF SERVICE

The undersigned, an attorney, states that the aforementioned documents were served upon all parties of record as listed by placing same in an official depository of the U.S. Postal Service located at Chicago, Illinois, on the date of filing before 5:00 p.m.

Respectfully Submitted,
Illinois Central Sweeping Service, Inc.

By: _____
One of its attorneys

Matthew P. Connelly
Garrett C. Carter
Corey P. O'Dell
Connelly Roberts & McGivney LLC
55 W. Monroe, Ste. 1700
Chicago, IL 60603
312-251-9600

**EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ILLINOIS CENTRAL SWEEPING
SERVICE, INC,

        Plaintiff,

v.                                    Case No. 07 CH 22793

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS AND ITS AFFILIATE,
LOCAL UNION NO. 731, TIM DUNLAP
AND TOM BROWN, ITS BUSINESS
AGENTS,

        Defendants.

## MOTION FOR LEAVE TO FILE

Plaintiff, Illinois Central Sweeping Service, by its attorneys Connelly Roberts & McGivney LLC, hereby moves this Court for leave to file an amended complaint *instanter*.

Respectfully Submitted,
Illinois Central Sweeping Service, Inc.

By: _____
One of its attorneys

Matthew P. Connelly
Garrett C. Carter
Corey P. O'Dell
Connelly Roberts & McGivney LLC
55 W. Monroe, Ste. 1700
Chicago, IL 60603
312-251-9600
4920.002\mtn.pi

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ILLINOIS CENTRAL SWEEPING
SERVICE, INC,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS AND ITS AFFILIATE,
LOCAL UNION NO. 731, TIM DUNLAP
AND TOM BROWN, ITS BUSINESS
AGENTS,

    Defendants.

Case No. 07 CH 22793

## AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Illinois Central Sweeping Service, Inc. by its attorneys, Matthew Connelly and Garrett Carter of Connelly Roberts & McGivney LLC, for its' amended complaint against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents, states as follows:

### PARTIES

1. Plaintiff, Illinois Central Sweeping Service, Inc. is an Illinois corporation incorporated under the laws of the state of Illinois with its principal place of business at Blue Island, Illinois.

2. International Brotherhood of Teamsters is a union organization with its principal office or place of business at Washington, D.C.

3. Local Union No. 731 is an affiliate of the International Brotherhood of Teamsters



EXHIBIT A

with its office at Burr Ridge, Illinois.

4. Tim Dunlap is employed or otherwise holds the position of business agent for Teamsters' Local Union No. 731, and upon information and belief, is a resident of Cook County.

5. Tom Brown is employed or otherwise holds the position of business agent for Teamsters' Local Union No. 731, and upon information and belief, is a resident of Cook County

## COMMON FACTUAL ALLEGATIONS

6. Plaintiff, and defendants, International Brotherhood of Teamsters and its affiliate, local union No. 731 were parties to a collective bargaining agreement in force and effect between May 1, 2004 and October 31, 2006. No employee filed a grievance for wage or benefit payments under the lapsed agreement. At present, a new agreement was voted upon and ratified by plaintiff's employees, however the defendants have refused to accept, ratify or recognize that collective bargaining agreement

7. In April, 2006 Plaintiff bid upon and was awarded a contract to provide street sweeping services to the County of Cook. Prior to that time, Elgin Sweeping performed that work for the County of Cook under contract for approximately five years.

8. Upon information and belief, Tim Dunlap and/or other officials affiliated with local union No. 731 had personal and non-union business relationships with the managers, officers or directors of Elgin Sweeping.

9. Shortly after being awarded the contract with the County of Cook, Tim Dunlap and Tom Brown, acting on behalf of the union defendants began to stop, question, and harass Plaintiff's employees while those employees were "on the clock" and working on behalf of Plaintiff for various customers or clients of the Plaintiff's. The individual defendants also began

2

to question and suggest to Plaintiff's current customers that Plaintiff was not in compliance with the collective bargaining agreement and/or otherwise was not paying all applicable union wages, and benefits.

10. As a result of the above mentioned activities of the business agents, Tim Dunlap and Tom Brown, Plaintiff's employees were delayed and hindered from performing their job-related duties on behalf of Plaintiff and its current customers.

11. As a result of those activities, several customers, fearing labor strife or other disruption, complained to the Plaintiff about its employees being delayed or tardy in performing their duties and questioned Plaintiff about the possibility of labor strife or other problems as the result of the comments of Dunlap and Brown.. Some customers have refused to do business with plaintiff while others have told plaintiff to cease working on sites where plaintiff was hired to perform work.

12. That continuing into 2007 Dunlop and Brown visited several job sites where Plaintiff was performing work and asserted to Plaintiff's customers that Plaintiff was not in compliance with the collective bargaining agreement, was unwilling to negotiate a new agreement, and was not paying the required wages and fringe benefits required by the agreement.

13. Dunlap and Brown sent "notices" to many of Plaintiff's customers, advising those customers that local union No. 731 had a dispute with the Plaintiff because it did not provide wages, fringe benefits and other economic conditions equivalent in the area of the collective bargaining agreement and told Plaintiff's customers that they planned to engage in picketing and other activities and to "notify the public of the existence of a dispute."

14. Defendants, through their business agents, also harassed Plaintiff by scheduling multiple audits of Plaintiff's books and records and repeating the audits in an unreasonably short

period of time. As a result, defendant gained knowledge of plaintiff's financial condition and that plaintiff could be financially destroyed by extended interference and harassment of its employees and customers

15. The business agents also came to the Plaintiff's office without notice, and demanded to review Plaintiff's books and records during business hours. While on the premises, the business agents also detained Plaintiff's employees and delayed them from performing "on the clock" work on behalf of Plaintiff and suggested that the Plaintiff was not complying with the collective bargaining agreement or paying "prevailing wage rates on applicable work sites."

16. Alternatively, the local was requested to confirm that Dunlap and others as described above were acting on its behalf, however they have not affirmed that Dunlap and others were acting at the behest of the union (see correspondence attached hereto as exhibit A)

## COUNT I – PRELIMINARY INJUNCTION

17. Plaintiff realleges and incorporates paragraphs 1-16 as if fully set forth herein.

18. The harassment, questioning and detention of Plaintiff's employees while working on the clock performing approved and authorized work for Plaintiff's customers threatens and continues to threaten the Plaintiff's business and relationships with customers and damages the professional relationship of Plaintiff with its present and reasonably ascertainable future customers which is a condition of irreparable harm that can not be adequately redressed by an award of monetary damages.

19. Plaintiff's current relationship with its business clients who have been contacted by the defendants has been damaged and destroyed. Those clients have been threatened with labor strife and ordered to produce records of payment to plaintiff

4

20. Without injunctive relief, Plaintiff will fail as a business entity and its professional reputation and the personal reputation of its officers and directors would be irreparably damaged and destroyed. Plaintiff has no adequate remedy at law because it is highly impracticable or impossible to place an adequate value on the loss of goodwill, business opportunity, continued business relations and good reputation in its own industry.

21. Plaintiff is likely to succeed on the merits of one or more of its statutory or common law claims.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Tim Dunlap and Tom Brown and those in active participation and concert with them and that they be preliminary enjoined from restraining, harassing and delaying Plaintiff's employees from performing their job related duties "on the clock" and further that they be enjoined from questioning, threatening and harassing current and potential customers and clients, disparaging Plaintiff to those customers and from suggesting or demanding that Plaintiff's customers no longer do business with Plaintiff. Further, defendants should be affirmatively required to ratify, recognize and implement the collective bargaining agreement voted upon, accepted and ratified by plaintiff's employees

## COUNT II – PERMANANT INJUNCTION

22. Plaintiff realleges and incorporates paragraphs 1-21 as if fully set forth herein.

23. The harassment, questioning and detention of Plaintiff's employees while working on the clock performing approved and authorized work for Plaintiff's customers threatens and continues to threaten the Plaintiff's business and relationships with customers and damages the professional relationship of Plaintiff with its present and reasonably ascertainable future

5

customers which is a condition of irreparable harm that can not be adequately redressed by an award of monetary damages.

24. Plaintiff's current relationship with its business clients who have been contacted by the defendants has been damaged and destroyed. Those clients have been threatened with labor strife and ordered to produce records of payment to plaintiff

25. Without injunctive relief, Plaintiff will fail as a business entity and its professional reputation and the personal reputation of its officers and directors would be irreparably damaged and destroyed. Plaintiff has no adequate remedy at law because it is highly impracticable or impossible to place an adequate value on the loss of goodwill, business opportunity, continued business relations and good reputation in its own industry.

26. Plaintiff is likely to succeed on the merits of one or more of its statutory or common law claims.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents and those in active participation and acting in concert with them and that they be preliminary enjoined from restraining, harassing and delaying Plaintiff's employees from performing their job related duties "on the clock" and further that they be enjoined from questioning threatening and harassing current and potential customers and clients, and from disparaging Plaintiff to those customers and from suggesting or demanding that Plaintiff's customers no longer do business with Plaintiff.

### COUNT III – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

27. Plaintiff realleges and incorporates paragraphs 1-26 as if fully set forth herein.

28. As of April 2006, Plaintiff had a reasonable expectation of continuing valid business

6

relationships and enjoying prospective economic advantage with potential customers and clients whose identity was well-known to the defendants.

29. Plaintiff relies on current and past clients as references who could encourage future and prospective customers to engage Plaintiff's services in the street sweeping industry, including, but not limited to, construction entities performing public and private improvements. Defendants were aware of Plaintiff's current prospective and future customers and of the importance of Plaintiff's business expectancies in a competitive industry.

30. The Defendants, through their business agents, purposefully interfered with Plaintiff's current and prospective customers by contacting them and providing false and misleading information about Plaintiff's compliance with the collective bargaining and other prior agreements and intimating or threatening labor strife should those individuals continue to or in the future do business with Plaintiff.

31. The business agents' delay and detention of Plaintiff's employees while working on the clock caused tardy performance by those employees which damaged customers' opinions of Plaintiff impairing future, favorable references to prospective clients or customers. The defendants' activities damaged the Plaintiff and interfered with its economic expectancies and business relationships. Those acts also prevented legitimate expectancies from ripening into valid relationships with new customers and the continuation of current relationships in the future.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents, in an amount adequate to compensate the Plaintiff.

## COUNT IV – COMMERCIAL DISPARAGEMENT

32. Plaintiff realleges and incorporates paragraphs 1-31 as if fully set forth herein.

33. Defendant, through its employees and business agents, has made disparaging statements regarding the quality of Plaintiff's services to its clients and customers including imputing dishonesty and a lack of contractual performance by the Plaintiff with respect to the collective bargaining and other agreements.

34. As a direct and proximate result of those disparaging statements, Plaintiff has suffered injury to its business reputation.

35. Defendants' disparaging statements were made with the knowledge of their falsity, inaccuracy and with actual malice.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents, in an amount adequate to compensate the Plaintiff.

## COUNT V – DEFAMATION

36. Plaintiff realleges and incorporates paragraphs 1-35 as if fully set forth herein.

37. The defendants have knowingly made false and defamatory statements regarding the Plaintiff to his current and future customers by impugning Plaintiff's character for honesty and fair dealing, accusing the Plaintiff of violating the collective bargaining and other agreements and by accusing Plaintiff of failing to pay wages and benefits required by the collective bargaining agreement and other applicable other agreements.

38. Beginning in January 2007 and continuing to the present, Defendants, through their business agents, contacted at least four of Plaintiff's current customers, making the false and

defamatory statements set forth above.

39. As a direct and proximate result of the foregoing, Plaintiff has suffered injuries to its reputation in the business community and in its own industry. In that the statements made were false and made with actual malice, Plaintiff is entitled to compensatory and punitive damages.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents, in an amount adequate to compensate the Plaintiff.

        Respectfully Submitted,
        Illinois Central Sweeping Service, Inc.

        By: _____
            One of its attorneys

Matthew P. Connelly
Garrett C. Carter
Connelly Roberts & McGivney LLC
55 W. Monroe, Ste. 1700
Chicago, IL 60603
312-251-9600
4920.002\complaint.final