IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS CENTRAL SWEEPING SERVICE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case no. 07 C 7003 |
| v. | ) ) | Judge James F. Holderman |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS and ITS AFFILIATE, LOCAL UNION No. 731, TIM DUNLAP and TOM BROWN, ITS BUSINESS AGENTS, | ) ) ) ) ) ) | Magistrate Judge Cole |
| Defendants. | ) ) | |

## INTERNATIONAL BROTHERHOOD OF TEAMSTERS' ANSWER TO AMENDED COMPLAINT

Defendant International Brotherhood of Teamsters, by its attorneys Dowd, Bloch & Bennett, answers the amended complaint filed by Illinois Central Sweeping Service, Inc., as follows:

1.  Plaintiff, Illinois Central Sweeping Service, Inc. is an Illinois corporation incorporated under the laws of the state of Illinois with its principal place of business at Blue Island, Illinois.

    **ANSWER: Defendant denies the allegations of paragraph 1.**

2.  International Brotherhood of Teamsters is a union organization with its principal office or place of business at Washington, D.C.

    **ANSWER: Defendant admits the allegations of paragraph 2.**

    3. Local Union No. 731 is an affiliate of the International Brotherhood of Teamsters with its office at Burr Ridge, Illinois.

    **ANSWER: Defendant admits the allegations of paragraph 3.**

    4. Tim Dunlap is employed or otherwise holds the position of business agent for Teamsters' Local Union No. 731, and upon information and belief, is a resident of Cook County.

    **ANSWER: Defendant admits the allegations of paragraph 4.**

    5. Tom Brown is employed or otherwise holds the position of business agent for Teamsters' Local Union No. 731, and upon information and belief, is a resident of Cook County

    **ANSWER: Defendant admits that Thomas Browne is a Business Agent for Local 731 but denies that he is a resident of Cook County.**

    6. Plaintiff, and defendants, International Brotherhood of Teamsters and its affiliate, local union No. 731 were parties to a collective bargaining agreement in force and effect between May 1, 2004 and October 31, 2006. No employee filed a grievance for wage or benefit payments under the lapsed agreement. At present, a new agreement was voted upon and ratified by plaintiff's employees, however the defendants have refused to accept, ratify or recognize that collective bargaining agreement.

    **ANSWER: Defendant admits that Teamsters Local 731, but not the International Brotherhood of Teamsters, was signatory to a collective bargaining agreement with plaintiff effective by its terms from May 1, 2004 through October 31, 2006. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.**

    7. In April, 2006 Plaintiff bid upon and was awarded a contract to provide street sweeping services to the County of Cook. Prior to that time, Elgin Sweeping performed that work for the County of Cook under contract for approximately five years.

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.**

    8. Upon information and belief, Tim Dunlap and/or other officials affiliated with local union No. 731 had personal and non-union business relationships with the managers, officers or directors of Elgin Sweeping.

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.**

9. Shortly after being awarded the contract with the County of Cook, Tim Dunlap and Tom Brown, acting on behalf of the union defendants began to stop, question, and harass Plaintiff's employees while those employees were "on the clock" and working on behalf of Plaintiff for various customers or clients of the Plaintiff's. The individual defendants also began to question and suggest to Plaintiff's current customers that Plaintiff was not in compliance with the collective bargaining agreement and/or otherwise was not paying all applicable union wages, and benefits.

**ANSWER:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.**

10. As a result of the above mentioned activities of the business agents, Tim Dunlap and Tom Brown, Plaintiff's employees were delayed and hindered from performing their job-related duties on behalf of Plaintiff and its current customers.

**ANSWER:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.**

11. As a result of those activities, several customers, fearing labor strife or other disruption, complained to the Plaintiff about its employees being delayed or tardy in performing their duties and questioned Plaintiff about the possibility of labor strife or other problems as the result of the comments of Dunlap and Brown.. Some customers have refused to do business with plaintiff while others have told plaintiff to cease working on sites where plaintiff was hired to perform work.

**ANSWER:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.**

12. That continuing into 2007 Dunlop and Brown visited several job sites where Plaintiff was performing work and asserted to Plaintiff's customers that Plaintiff was not in compliance with the collective bargaining agreement, was unwilling to negotiate a new agreement, and was not paying the required wages and fringe benefits required by the agreement.

**ANSWER:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.**

13. Dunlap and Brown sent "notices" to many of Plaintiff's customers, advising those customers that local union No. 731 had a dispute with the Plaintiff because it did not provide wages, fringe benefits and other economic conditions equivalent in the area of the collective bargaining agreement and told Plaintiff's customers that they planned to engage in picketing and

other activities and to "notify the public of the existence of a dispute."

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.**

14. Defendants, through their business agents, also harassed Plaintiff by scheduling multiple audits of Plaintiff's books and records and repeating the audits in an unreasonably short period of time. As a result, defendant gained knowledge of plaintiff's financial condition and that plaintiff could be financially destroyed by extended interference and harassment of its employees and customers.

**ANSWER: Defendant denies that it harassed plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14.**

15. The business agents also came to the Plaintiff's office without notice, and demanded to review Plaintiff's books and records during business hours. While on the premises, the business agents also detained Plaintiff's employees and delayed them from performing "on the clock" work on behalf of Plaintiff and suggested that the Plaintiff was not complying with the collective bargaining agreement or paying "prevailing wage rates on applicable work sites."

**ANSWER: Defendant denies that it directed business agents to enter plaintiff's office and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.**

16. Alternatively, the local was requested to confirm that Dunlap and others as described above were acting on its behalf, however they have not affirmed that Dunlap and others were acting at the behest of the union (see correspondence attached hereto as exhibit A)

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.**

## COUNT I – PRELIMINARY INJUNCTION

17. Plaintiff realleges and incorporates paragraphs 1-16 as if fully set forth herein.

**ANSWER: Defendant realleges and incorporates its answers to paragraphs 1-16 herein.**

18. The harassment, questioning and detention of Plaintiff's employees while working on the clock performing approved and authorized work for Plaintiff's customers threatens and

continues to threaten the Plaintiff's business and relationships with customers and damages the professional relationship of Plaintiff with its present and reasonably ascertainable future customers which is a condition of irreparable harm that can not be adequately redressed by an award of monetary damages.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.**

19. Plaintiff's current relationship with its business clients who have been contacted by the defendants has been damaged and destroyed. Those clients have been threatened with labor strife and ordered to produce records of payment to plaintiff.

**ANSWER: Defendant denies that it has contacted plaintiff's business clients concerning the plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19.**

20. Without injunctive relief, Plaintiff will fail as a business entity and its professional reputation and the personal reputation of its officers and directors would be irreparably damaged and destroyed. Plaintiff has no adequate remedy at law because it is highly impracticable or impossible to place an adequate value on the loss of goodwill, business opportunity, continued business relations and good reputation in its own industry.

**ANSWER: Defendant denies the remaining allegations of paragraph 20.**

21. Plaintiff is likely to succeed on the merits of one or more of its statutory or common law claims.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Tim Dunlap and Tom Brown and those in active participation and concert with them and that they be preliminary enjoined from restraining, harassing and delaying Plaintiff's employees from performing their job related duties "on the clock" and further that they be enjoined from questioning, threatening and harassing current and potential customers and clients, disparaging Plaintiff to those customers and from suggesting or demanding that Plaintiff's customers no longer do business with Plaintiff . Further, defendants should be affirmatively required to ratify, recognize and implement the collective bargaining agreement voted upon, accepted and ratified by plaintiff's employees.

**ANSWER: Defendant denies the allegations of paragraph 21 and denies that plaintiff is entitled to judgment or any relief.**

## COUNT II – PERMANANT INJUNCTION

22. Plaintiff realleges and incorporates paragraphs 1-21 as if fully set forth herein.

**ANSWER:  Defendant realleges and incorporates its answers to paragraphs 1-21 herein.**

23. The harassment, questioning and detention of Plaintiff's employees while working on the clock performing approved and authorized work for Plaintiff's customers threatens and continues to threaten the Plaintiff's business and relationships with customers and damages the professional relationship of Plaintiff with its present and reasonably ascertainable future customers which is a condition of irreparable harm that can not be adequately redressed by an award of monetary damages.

**ANSWER:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.**

24. Plaintiff's current relationship with its business clients who have been contacted by the defendants has been damaged and destroyed. Those clients have been threatened with labor strife and ordered to produce records of payment to plaintiff.

**ANSWER:  Defendant denies that it has contacted plaintiff's business clients concerning the plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24.**

25. Without injunctive relief, Plaintiff will fail as a business entity and its professional reputation and the personal reputation of its officers and directors would be irreparably damaged and destroyed. Plaintiff has no adequate remedy at law because it is highly impracticable or impossible to place an adequate value on the loss of goodwill, business opportunity, continued business relations and good reputation in its own industry.

**ANSWER:  Defendant denies the allegations of paragraph 25.**

26. Plaintiff is likely to succeed on the merits of one or more of its statutory or common law claims.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents and those in active participation and acting in concert with them and that they be preliminary enjoined from restraining, harassing and delaying Plaintiff's employees from performing their job related duties "on the clock" and further that they be enjoined from questioning threatening and harassing  current and potential

customers and clients, and from disparaging Plaintiff to those customers and from suggesting or demanding that Plaintiff's customers no longer do business with Plaintiff .

**ANSWER: Defendant denies the allegations of paragraph 26 and denies that plaintiff is entitled to judgment or any other relief.**

### COUNT III – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

27. Plaintiff realleges and incorporates paragraphs 1-26 as if fully set forth herein.

**ANSWER: Defendant realleges and incorporates its answers to paragraphs 1-26 herein.**

28. As of April 2006, Plaintiff had a reasonable expectation of continuing valid business relationships and enjoying prospective economic advantage with potential customers and clients whose identity was well-known to the defendants.

**ANSWER: Defendant denies that it knows who are plaintiff's potential customers and clients and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28.**

29. Plaintiff relies on current and past clients as references who could encourage future and prospective customers to engage Plaintiff's services in the street sweeping industry, including, but not limited to, construction entities performing public and private improvements. Defendants were aware of Plaintiff's current prospective and future customers and of the importance of Plaintiff's business expectancies in a competitive industry.

**ANSWER: Defendant denies that is knows who are plaintiff's current prospective and future customers and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29.**

30. The Defendants, through their business agents, purposefully interfered with Plaintiff's current and prospective customers by contacting them and providing false and misleading information about Plaintiff's compliance with the collective bargaining and other prior agreements and intimating or threatening labor strife should those individuals continue to or in the future do business with Plaintiff.

**ANSWER: Defendant denies the allegations of paragraph 30.**

31. The business agents' delay and detention of Plaintiff's employees while working on the clock caused tardy performance by those employees which damaged customers' opinions of

Plaintiff impairing future, favorable references to prospective clients or customers.  The defendants' activities  damaged the Plaintiff and interfered with its economic expectancies and business relationships.  Those acts also prevented legitimate expectancies from ripening into valid relationships  with new customers and the continuation of current relationships in the future.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents, in an amount adequate to compensate the Plaintiff.

**ANSWER:  Defendant denies the allegations of paragraph 31 and denies that plaintiff is entitled to judgment or any relief.**


## COUNT IV – COMMERCIAL DISPARAGEMENT

32. Plaintiff realleges and incorporates paragraphs 1-31 as if fully set forth herein.

**ANSWER:  Defendant realleges and incorporates paragraphs 1-31 as if fully set forth herein.**


33. Defendant, through its employees and business agents, has made disparaging statements regarding the quality of Plaintiff's services to its clients and customers including imputing dishonesty and a lack of contractual performance by the Plaintiff with respect to the collective bargaining and other agreements.

**ANSWER:  Defendant denies the allegations of paragraph 33.**


34. As a direct and proximate result of those disparaging statements, Plaintiff has suffered injury to its business reputation.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.**


35. Defendants' disparaging statements were made with the knowledge of their falsity, inaccuracy and with actual malice.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents, in an amount adequate to compensate the Plaintiff.

**ANSWER:   Defendant denies the allegations of paragraph 35 and denies that plaintiff is entitled to judgment or any relief.**

## COUNT V – DEFAMATION

36. Plaintiff realleges and incorporates paragraphs 1-35 as if fully set forth herein.

**ANSWER: Defendant realleges and incorporates paragraphs 1-35 as if fully set forth herein.**

37. The defendants have knowingly made false and defamatory statements regarding the Plaintiff to his current and future customers by impugning Plaintiff's character for honesty and fair dealing, accusing the Plaintiff of violating the collective bargaining and other agreements and by accusing Plaintiff of failing to pay wages and benefits required by the collective bargaining agreement and other applicable other agreements.

**ANSWER: Defendant denies the allegations of paragraph 37.**

38. Beginning in January 2007 and continuing to the present, Defendants, through their business agents, contacted at least four of Plaintiff's current customers, making the false and defamatory statements set forth above.

**ANSWER: Defendant denies the allegations of paragraph 38.**

39. As a direct and proximate result of the foregoing, Plaintiff has suffered injuries to its reputation in the business community and in its own industry. In that the statements made were false and made with actual malice, Plaintiff is entitled to compensatory and punitive damages.

Wherefore, Plaintiff Illinois Central Sweeping Service, Inc. demands judgment against Defendants International Brotherhood of Teamsters, Local Union No. 731, its affiliate, and Tim Dunlap and Tom Brown, its business agents, in an amount adequate to compensate the Plaintiff.

**ANSWER: Defendant denies the allegations of paragraph 39 and denies that plaintiff is entitled to judgment or any relief.**

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses to the amended complaint:

### First Affirmative Defense

The Complaint fails to state a claim for which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred by preemption under the National Labor Relations Act and the exclusive jurisdiction of the National Labor Relations Board.

**Third Affirmative Defense**

Plaintiff's claims are barred by complete preemption under the National Labor Relations Act.

**Fourth Affirmative Defense**

Plaintiffs claims are barred by absolute and qualified privilege including but not limited to those arising out of Section 7 of the National Labor Relations Act, legitimate business interest, common interest, and those established by federal and state common law.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the statute of limitations.

**Sixth Affirmative Defense**

Plaintiff's claims are barred because the allegedly defamatory or disparaging statements set forth in the amended complaint are statements of opinion.

**Seventh Affirmative Defense**

Plaintiff's claims are barred because the allegedly defamatory or disparaging statements set forth in the amended complaint, which are not statements of opinion, are true.

**Eighth Affirmative Defense**

Plaintiff's claims are barred because the allegedly defamatory or disparaging statements set forth in the amended complaint are rhetorical hyperbole or puffery.

**Ninth Affirmative Defense**

Plaintiff's claims are barred by First Amendment to the United States Constitution and state and federal protections afforded to speech.

### Tenth Affirmative Defense

Plaintiff's claims are barred because Plaintiff suffered no harm to its reputation, business or otherwise, as a result of the allegedly defamatory or disparaging statements contained in the amended complaint or as a result of any other conduct set forth in the complaint.

### Eleventh Affirmative Defense

Plaintiff's claims are barred because defendants were privileged to make the allegedly defamatory or disparaging statements set forth in the amended complaint.

WHEREFORE, Defendant respectfully requests that the Court:

1. Enter an order dismissing the complaint;

2. Enter judgment in favor of Defendant on each count;

3. Grant Defendant its reasonable attorneys fees and costs; and

4. Grant such other relief as the Court deems just and proper.


Respectfully Submitted,


____/s/  Robert E. Bloch_____
One of the attorneys for the
International Brotherhood of Teamsters


Robert E. Bloch
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue
19th floor
Chicago, IL 60603
312-372-1361