### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CENTRAL SWEEPING SERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND ITS AFFILIATE, LOCAL UNION NO. 731, TIM DUNLAP AND TOM BROWN, ITS BUSINESS AGENTS, <br><br> Defendants. | Case No. 07 C 7003 |

### ANSWER TO COUNTERCLAIM OF
### DEFENDANTS LOCAL 731, DUNLAP AND BROWNE

Plaintiff/Counter-Defendant, Illinois Central Sweeping Service, Inc., and Third-Party Defendant Charles DeVries, by their attorneys, Connelly Roberts & McGivney, LLC, files this answer the counterclaim of the Defendants Local 731, Dunlap and Browne and states as follows:

1.  Counter-Defendant admits that it is a limited liability company which does business as Illinois Central Sweeping Service. Counter-Defendant admits that it was a party to a collective bargaining agreement with Local 731 under the name of Illinois Central Sweeping Service, Inc. ("ICSS").

2.  Counter-Defendant and Third-Party Defendant admit that Charles DeVries ("DeVries") owns, operates, manages, and controls ICSS. Counter-Defendant and Third-Party Defendant also admit that DeVries, in part, manages and controls the business communications of the entity and that he resides within this district.

3.  Counter-Defendant and Third-Party Defendant admit that Elgin Sweeping Services, Inc. is a competitor of ICSS. Counter-Defendant and Third-Party Defendant have insufficient knowledge to admit or deny the truth or falsity of the remaining allegations contained in paragraph 3 and, therefore, neither admit nor deny the same, but demand strict proof thereof.

4.  Counter-Defendant and Third-Party Defendant have insufficient knowledge to admit or deny the truth or falsity of the remaining allegations contained in paragraph 4 and, therefore, neither admit nor deny the same, but demand strict proof thereof.

5. Counter-Defendant and Third-Party Defendant admit that the lapsed collective bargaining agreement contained some provisions concerning resolutions of disputes between the parties.

6. Counter-Defendant and Third-Party Defendant have insufficient knowledge to admit or deny the truth or falsity of the allegations contained in paragraph 6 and, therefore, neither admit nor deny the same, but demand strict proof thereof.

7. Counter-Defendant and Third-Party Defendant admit that Dunlap and others claimed that ICSS did not pay, when applicable, prevailing wages to its employees. Counter-Defendant and Third-Party Defendant admit that Dunlap, among others, questioned the employees of ICSS while they were working on the clock.

8. Counter-Defendant and Third-Party Defendant deny the allegations contained in paragraph 8(a) through 8(c). Counter-Defendant and Third-Party Defendant deny that subparagragh (d) accurately characterizes or recites any comment made by DeVries with respect to the subject matter stated.

9. Counter-Defendant and Third-Party Defendant deny the allegations contained in paragraph 9.

10. Counter-Defendant and Third-Party Defendant admit that Local 731 filed certain grievances against ICSS and that a hearing was conducted with respect to some, but not all of those grievances. Counter-Defendant and Third-Party Defendant deny that DeVries made the statements described in paragraph 8 at that time, or any other time as set forth above.

11. Counter-Defendant and Third-Party Defendant have insufficient knowledge to admit or deny the truth or falsity of the allegations contained in paragraph 11 and, therefore, neither admit nor deny the same, but demand strict proof thereof.

12. Counter-Defendant and Third-Party Defendant deny the allegations contained in paragraph 12.

13. Counter-Defendant and Third-Party Defendant deny the allegations contained in paragraph 13.

14. Counter-Defendant and Third-Party Defendant deny the allegations contained in paragraph 14.

15.     Counter-Defendant and Third-Party Defendant deny the allegations contained in paragraph 15.

WHEREFORE, Counter-Defendant and Third-Party Defendant move the Court to dismiss this matter in their favor and as against Counter-Plaintiffs.

## AFFIRMATIVE AND OTHER DEFENSES

Counter-Defendant Illinois Central Sweeping Service, Inc. and Third-Party Defendant Charles DeVries, by their attorneys, Connelly Roberts & McGivney, LLC, for their affirmative and other defenses to the Counterclaim state as follows:

### First Affirmative Defense

The Counterclaim/Third Party Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Counter-Plaintiffs' claims are barred by the applicable statute of limitations.

### Third Affirmative Defense

Counter-Plaintiffs' claims are barred because the allegedly defamatory statements are matters of opinion.

### Fourth Affirmative Defense

Counter-Plaintiffs' claims are barred because the allegedly defamatory matters are true.

### Fifth Affirmative Defense

Counter-Plaintiffs' claims are barred by the first amendment to the United States Constitution, the state and federal protections afforded to speech.

WHEREFORE, Counter-Defendant and Third-Party Defendant move the Court to dismiss the counterclaim for the reasons set forth above.

          Respectfully Submitted,
          Illinois Central Sweeping Service, Inc.

          By: /s/Matthew P. Connelly
               One of its attorneys

Matthew P. Connelly
Corey P. O'Dell
Jeffrey J. Scolaro
Connelly Roberts & McGivney LLC
55 W. Monroe, Ste. 1700
Chicago, IL 60603
312-251-9600

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certify that on April 1, 2008, a true copy of the Answer to Counterclaim of Defendants Local 731, Dunlop and Browne was served upon the attorney of record for each other party via the ECF Filing System.

                                        Respectfully Submitted,
                                        Illinois Central Sweeping Service, Inc.

                                        By: /s/Matthew P. Connelly
                                                  One of its attorneys

Matthew P. Connelly
Corey P. O'Dell
Jeffrey J. Scolaro
Connelly Roberts & McGivney LLC
55 W. Monroe, Ste. 1700
Chicago, IL 60603
312-251-9600