IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CENTRAL SWEEPING SERVICE, INC., | |
| Plaintiff, | |
| v. | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND ITS AFFILIATE, LOCAL UNION NO. 731, TIM DUNLAP AND TOM BROWN, ITS BUSINESS AGENTS, | Case No. 07 C 7003 |
| Defendants. | Judge James F. Holderman |
| TEAMSTERS LOCAL UNION NO. 731 and TIM DUNLAP, | Magistrate Jeffrey Cole |
| Counter-Plaintiffs, | |
| v. | |
| ILLINOIS CENTRAL SWEEPING, LLC d/b/a ILLINOIS CENTRAL SWEEPING SERVICE, INC., | |
| Counter-Defendant, | |
| and CHARLES DEVRIES, | |
| Third-Party Defendant. | |

**MOTION FOR PROTECTIVE ORDER**

Plaintiff, Illinois Central Sweeping Service, LLC, by its attorneys Matthew P. Connelly and Corey P. O'Dell, pursuant to Rule 26(c)(1)(G) hereby moves the court for a protective order prohibiting the disclosure to third parties of certain information and business records of the Plaintiff requested in discovery by Defendants as follows:

(1)   Defendants' first request to produce asked for Plaintiff to produce financial records for the period of time between January 1, 2005 and the present as follows:

       3.      For the period January 1, 2005 (or the first day of the fiscal year preceding it, if a different date) through the date of your response, all documents that constitute, relate to, identify, or provide any information concerning Illinois Central's financial activity, including but not limited to:

    a.    financial statements;
    b.    profit and loss statements;
    c.    assets;
    d.    liabilities;
    e.    accounts receivable and accounts payable;
    f.    inventory;
    g.    cash disbursements;
    h.    checks ledgers;
    i.    invoices;
    j.    books, accounts, payroll records, ledgers;
    k.    dividends, earnings;
    l.    transfers or receipts of capital;
    m.    loans and mortgages;
    n.    financial guarantees;
    o.    grants or receipts of credit or financing;
    p.    UCC filings;
    q.    notices of bulk transfer;
    r.    liens which were placed on any Illinois Central property or assets.

(See First Request to Produce attached hereto as Exhibit A.)

       (2)      Plaintiff agreed to produce certain of its financial and profit and loss statements, however, and objected to production of the remainder of the request as irrelevant and immaterial, burdensome and not reasonably calculated to lead to the disclosure of discoverable evidence. Plaintiff's financial and profit and loss statements are private documents which contain information it considers proprietary and of great value to its competitors in a relatively small, competitive industry in the Chicago metropolitan area. Plaintiff has no objection to producing its financial and profit and loss statements to defendants so long as that information is not communicated to third parties outside of this litigation, including any of the plaintiff's competitors. Plaintiff does not seek to prohibit the disclosure of the evidence to consulting or trial experts.

       (3)      Defendants also requested the following information, which may be, or is substantially similar to the information requested above:

  4. To the extent not included in Request No. 3, all documents that constitute, relate to, identify, or provide information concerning all earnings, expenses and assets of Illinois Central on a monthly and annual (fiscal year) basis.

(4) Plaintiff requests a protective order with respect to that information for the same reasons mentioned above.

(5) Additionally, Defendant requested a variety of documents from Plaintiff's customers and clients. This was objected to as potentially confidential, irrelevant, immaterial, burdensome, and not reasonably calculated to lead to the disclosure of discoverable evidence. The request which makes reference to an external document entitled "Sworn Affidavit", attached as Exhibit B, was as follows:

  5. For the period January 1, 2005 through the date of your response, and for each and every Illinois Central customer, including but not limited to James McHugh Construction Co., Walsh Construction Co., F.H. Paschen Co., the Cook County Highway Department, all entities identified on the sworn affidavit attached hereto as Appendix A., and all entities identified in your Rule 26(a) disclosures, all:

    a. contracts;
    b. work records;
    c. records of daily activities;
    d. job tickets;
    e. change orders;
    e. invoices;
    f. payment records;
    g. payroll records maintained pursuant to the Illinois Prevailing Wage Act;
    h. correspondence;
    i. notes of conversations; and
    j. witness statements.

(6) Plaintiff is willing to produce its contracts and invoices with respect to a reasonable number of customers and clients with some connection to this litigated matter and for a reasonable period of time. Plaintiff objected to producing records of daily activities, job tickets, change orders, correspondence, and notes of conversations as irrelevant and immaterial, burdensome, and not reasonably calculated to lead to the disclosure of discoverable evidence. Those documents are voluminous considering the number of customers and clients listed in the

sworn affidavit. Job tickets, change orders, invoices, and correspondence are of marginal value considering any of the issues in this matter. Plaintiff will produce its contracts, records of daily activities, invoices, and payment records if the information contained therein is not communicated to Plaintiff's competitors or any third parties outside of the litigation.

(7)    Finally, Defendants have requested all documents that show in whole or in part the basis for Plaintiff's damage claim. To the extent that request by necessity involves the production of documents mentioned above and for which a protective order is now being sought, Plaintiff asks that those documents be subject to the protective order sought herein.

(8)    Plaintiff proposes to mark as confidential only those documents which are subject to the protective order, should not be filed with the court, or provided to third parties outside the Litigation. The proposed order sets forth the procedure allowing Defendants to challenge the designation as confidential.

(9)    The proposed protective order sought herein does not limit the use of any document marked as confidential, or otherwise subject to the protective order, at any deposition of the parties, or their agents, servants, and employees. In the event that the deposition of any of Plaintiff's competitors are taken, the documents subject to this protective order, and otherwise designated as confidential should not be shown to or used during examination of a witness absent a showing by Defendant of a reasonable and substantial necessity.

(10)   The protective order sought herein shall not be construed as effecting the admissibility of any document or information at the time of trial or hearing.

(11)   Additionally, Defendants' interrogatories to the Plaintiff request, in a different form, substantially the information contained in the documents described above. Plaintiff's responses to those interrogatories contains information taken from the documents deemed confidential, should also be subject to the protective order. Use of the Plaintiff's answers to

interrogatories should be at the deposition of non-party witnesses or Plaintiff's competitors, should be subject to the same restrictions as a proposed use of the documents as described above.

(12)  On May 8, 2008 counsel for Plaintiff, Corey P. O'Dell consulted with counsel for Defendant, Robert E. Bloch prior to the filing of this motion and Mr. Bloch agreed to the entry of the protective order after reviewing the same..

WHEREFORE, Plaintiff, Illinois Central Sweeping Service, LLC, hereby moves the court for entry of the agreed protective order as set forth above, a copy of which is tendered herewith.

                                Respectfully Submitted,
                                Illinois Central Sweeping Service, Inc.

                                By:      /s/ *Corey P. O'Dell*
                                                  One of its attorneys

Matthew P. Connelly, #6229052
Garrett C. Carter, #6281139
Corey P. O'Dell, #2090228
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois  60603
312-251-9600