IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CENTRAL SWEEPING SERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND ITS AFFILIATE, LOCAL UNION NO. 731, TIM DUNLAP AND TOM BROWN, ITS BUSINESS AGENTS, <br><br> Defendants. | Case No. 07 C 7003 <br><br> Judge James F. Holderman <br><br> Magistrate Jeffrey Cole |
| TEAMSTERS LOCAL UNION NO. 731 and TIM DUNLAP, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> ILLINOIS CENTRAL SWEEPING, LLC d/b/a ILLINOIS CENTRAL SWEEPING SERVICE, INC., <br><br> Counter-Defendant, <br><br> and CHARLES DEVRIES, <br><br> Third-Party Defendant. | |

**AGREED PROTECTIVE ORDER**

This matter coming to be heard on Plaintiff's Motion for entry of a Protective Order, due notice given to all parties of record, the Court being duly advised:

IT IS HEREBY ORDERED:

1. **DESIGNATION OF INFORMATION**

This Protective Order ("this Order") governs the use and dissemination of all materials designed as "CONFIDENTIAL" (as defined herein) produced in the matter of *Illinois Central*

*Sweeping, LLC v. International Brotherhood of Teamsters, and its Affiliate, Local Union 731, Tim Dunlap and Tom Brown, its Business Agents,* filed and pending in the United States District Court, Northern District of Illinois, Eastern Division (referred to as the "Litigation"). During the course of discovery, any other party may designate all or any portion of documents, objects, or other tangible things produced in discovery or any oral statements given in a deposition or otherwise as "CONFIDENTIAL INFORMATION" by placing the legend "CONFIDENTIAL" on the documents, objects, or tangible things. Production of documents in this Litigation shall not constitute a waiver of any claim of privilege or confidentiality in other litigation that is pending or may be filed in the future by or against any party.

2.   **DEFINITION OF "CONFIDENTIAL INFORMATION"**

For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information and material that any party (the "Producing Party") produces or discloses to a receiving party and that constitutes or contains trade secrets or other protected commercial information, financial information whether embodied in physical objects, documents, practices and procedures, formulas, pricing or cost information, substances, techniques, training methods, or the factual knowledge of persons, including, but not limited to, business research, business development, marketing or commercial information or materials, identities of customers, and other information pertaining to the manner in which any party conducts business operation, the disclosure of which, is likely to compromise and otherwise negatively affect the business of any party.

3.   **METHODS OF DESIGNATING CONFIDENTIAL INFORMATION**

For the purposes of this Order, CONFIDENTIAL INFORMATION contained in physical objects or documents, including transcripts, exhibits, answers to interrogatories, responses to requests for admission, or copies thereof shall be designated by affixing a legend substantially as follows:

CONFIDENTIAL

or

CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER

Any party may designate any portion of any deposition transcript or exhibit used at a deposition as CONFIDENTIAL by indicating on the record of the deposition or at any time after the deposition. Those deposition transcripts or portions thereof, any CONFIDENTIAL documents marked as exhibits at the deposition shall be treated as CONFIDENTIAL INFORMATION subject to the process described in Paragraph 1 above.

If a party wishes to designate documents produced by third parties or by another party as CONFIDENTIAL, the Designating Party will have seven (7) days, which may be extended by agreement, after the receipt of the documents to provide a log to the other parties, identifying the documents to be protected under this Order. The parties will then mark the documents in accordance with this Paragraph on all such documents in their possession. Any party objecting to the designation of information or a document as CONFIDENTIAL shall do so in writing and serve the objection on the designating party within (7) days. If the parties can not resolve their dispute as to the confidentiality, the designating party may file a motion with the court requesting a ruling on the disputed designation.

4. **PERSONS QUALIFIED TO RECEIVE OR USE CONFIDENTIAL INFORMATION**

All CONFIDENTIAL INFORMATION disclosed by any party in the course of this Litigation shall be produced, exchanged, and used solely for the purposes of the Litigation and not for any other litigation, business, competitive, or other purposes, and such confidential materials or information shall not be disclosed to anyone other than "Qualified Persons" defined as follows:

a. The Judge or jurors assigned to hear the Litigation and court personnel;

b. The attorneys of record in the Litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of the Litigation;

c. Experts retained by the parties in the Litigation who have been disclosed or who have been retained solely for the purpose of assisting in the preparation of this Litigation. Access to "CONFIDENTIAL INFORMATION" by experts or consultants shall be limited to information reasonably related to the work of the expert or consultant in formulating opinion;

d. Court reporters at deposition or trial;

e. Witnesses in depositions, arbitration, mediation or trial; and

f. Any other person stipulated to in writing.

All Qualified Persons as defined under Paragraph 4(c), 4(e), and 4(f) to whom CONFIDENTIAL INFORMATION will be disclosed shall execute a Commitment of Qualified Person Pursuant to Protective Order in the form attached hereto as Exhibit A.

Nothing in this Order shall prohibit the party designating its own documents or information as CONFIDENTIAL from showing its own documents or information to its own employees, attorneys and consultants.

5. **LIMITED USE OF CONFIDENTIAL INFORMATION – USE AT DEPOSITIONS**

Neither any party nor any Qualified Person shall use CONFIDENTIAL INFORMATION as a source for soliciting clients, for use in competitive activities, or in other litigation that is pending or may be filed in the future by or against the Parties. Upon the conclusion of this Litigation, Qualified Persons will not discuss CONFIDENTIAL INFORMATION with anyone. Material and testimony designated as "CONFIDENTIAL INFORMATION" shall be used or disclosed solely in this Litigation in accordance with the provisions of this Order.

"CONFIDENTIAL INFORMATION" may be used as set forth in Paragraph 4 above at the depositions of witnesses, experts and any other person agreed to in writing prior to their deposition. "CONFIDENTIAL INFORMATION" should not be used or disclosed at deposition to any of Plaintiff's competitors or current customers absent a showing by Defendants of a valid and substantial need to question those witnesses concerning "CONFIDENTIAL INFORMATION" which the Plaintiff considers to be private, proprietary, and of great economic advantage to its competitors and past customers. Other than the procedure described in Paragraph 3 above with respect to nonparty documents, this paragraph does not apply to information obtained from sources other than the party requesting confidentiality.

6.  **RESTRICTION UPON COURT FILING**

Counsel for the parties are ordered to retain copies of all documents containing "CONFIDENTIAL INFORMATION" which are provided in discovery under the Protective Order. Documents containing "CONFIDENTIAL INFORMATION" shall NOT be filed with the Clerk of the Court. Documents requiring the court's review shall be submitted to chambers in camera.

7.  **EFFECTIVE DATE**

This Order will become binding upon entry by the Court, and shall apply retroactively to any materials previously produced or obtained if subsequently designated as "CONFIDENTIAL INFORMATION."

8.  **RETURN OF DOCUMENTS AND CONFIDENTIAL INFORMATION**

Upon request and at requestors expense, the parties shall return all materials produced by any party to the producing party and all materials containing or constituting CONFIDENTIAL INFORMATION in the possession of counsel, the parties, and any witness or consultant or other person who received CONFIDENTIAL INFORMATION.

9. **TERM**

The provisions and requirements of this Order shall remain in full effect and in force from the date of entry of this Order and shall remain in full force following the resolution of the Litigation by dismissal, settlement, judgment, or otherwise. The Order and all of its terms shall expressly survive the termination of the Litigation and reflect a contract entered into between the parties except to the extent that the CONFIDENTIAL INFORMATION is or becomes known to the public or some entity or person other than the parties hereto through no fault of the parties hereto.

10. **ADMISSIBILITY OF EVIDENCE**

Nothing in the Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

5/15/08
ENTERED

Magistrate JUDGE

Matthew P. Connelly, #6229052
Garrett C. Carter, #6281139
Corey P. O'Dell, #2090228
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603
312-251-9600

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS CENTRAL SWEEPING SERVICE, INC., | |
| Plaintiff, | |
| v. | Case No. 07 C 7003 |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND ITS AFFILIATE, LOCAL UNION NO. 731, TIM DUNLAP AND TOM BROWN, ITS BUSINESS AGENTS, | Judge James F. Holderman  Magistrate Jeffrey Cole |
| Defendants. | |

**COMMITMENT OF QUALIFIED PERSON PURSUANT TO PROTECTIVE ORDER**

I, _____, being first duly sworn under oath, depose and state that:

1. My present address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in this case entered by Judge _____ on _____, 2008.

5. I have read and understand the provisions of the Protective Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL INFORMATION or any portion or substance thereof provided to me in the course of this litigation.

7. I will return all materials containing CONFIDENTIAL INFORMATION or any portions or copies, summaries, abstracts, or indices thereof that come into my

possession and documents or things which I have prepared relating thereto and containing such CONFIDENTIAL INFORMATION as well as all information produced by any party in the above Litigation, to counsel by whom I am retained or employed or who otherwise provided me with such CONFIDENTIAL INFORMATION and documents, when my involvement in this matter is concluded.

8. I understand that if I violate the provisions of this Protective Order I may be subject to, among other things, sanctions by the Court.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order or any suit arising from any violation of this Protective Order.

Dated: _____          _____
                                                          AFFIANT

Sworn to and subscribed before me
this ___ day of _____ 2008.


_____
Notary Public


                                    Respectfully Submitted,
                                    Illinois Central Sweeping Service, Inc.

                                    By:    /s/ *Matthew P. Connelly*
                                              One of its attorneys

Matthew P. Connelly, #6229052
Garrett C. Carter, #6281139
Corey P. O'Dell, #2090228
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603
312-251-9600