IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CENTRAL SWEEPING SERVICE, INC., | ) ) ) |
| Plaintiff, | ) ) Case no. 07 C 7003 |
| v. | ) ) Judge James F. Holderman |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS and ITS AFFILIATE, LOCAL UNION No. 731, TIM DUNLAP and TOM BROWN, ITS BUSINESS AGENTS, | ) Magistrate Judge Cole ) ) ) ) ) |
| Defendants. | ) ) |
| TEAMSTERS LOCAL UNION No. 731 and TIM DUNLAP, | ) ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| ILLINOIS CENTRAL SWEEPING, LLC d/b/a ILLINOIS CENTRAL SWEEPING SERVICE, INC., | ) ) ) |
| Counter-Defendant, | ) ) |
| and CHARLES DEVRIES, | ) ) |
| Third-Party Defendant. | ) |

DEFENDANT TEAMSTERS LOCAL 731'S
FIRST SET OF INTERROGATORIES



Defendant/Counter-plaintiff Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants, Linen and Laundry Drivers, Local Union No. 731, affiliated with the International Brotherhood of Teamsters ("Local 731"), by its attorneys Dowd, Bloch & Bennett, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that plaintiff/counter-defendant Illinois Central Sweeping, LLC d/b/a Illinois Central Sweeping Service, Inc. ("Illinois Central") and Third-Party Defendant Richard DeVries answer under oath the following interrogatories within thirty (30) days after service of this request. This request is continuing and must be supplemented until the date of trial in accordance with Fed.R.Civ.Pro. 26(e).

## DEFINITIONS AND INSTRUCTIONS

A. "Illinois Central" refers to the plaintiff/counter-defendant (both as Illinois Central Sweeping Service, Inc. and Illinois Central Sweeping, LLC), its officers, trustees, directors, members, managers, employees, agents, committees, boards, agents, affiliates, parents and divisions, where appropriate, and all persons who have acted or have purported to act on its behalf.

B. "Teamsters International" refers to the International Brotherhood of Teamsters; "Local 731" refers to the Excavating, Grading, Asphalt, Private Scavenges, Automobile Salesroom Garage Attendants, Linen and Laundry Drivers, Local Union No. 731, affiliated with the International Brotherhood of Teamsters; "Dunlap" refers to Timothy Dunlap; and "Browne" refers to Thomas Browne.

C. The term "CBA" refers to the collective bargaining agreement between Illinois Central and Local 731, effective by its terms from May 1, 2004 through October 31, 2006 and, where relevant, the collective bargaining agreements between these parties that preceded it.

D. "Elgin Sweeping" means Elgin Sweeping Services, Inc.

E. The term "document" includes any and all manner of written, typed, printed, reproduced, filmed or recorded material including computerized material and electronic media, whether or not publicly disseminated, describing, referring or relating, directly or indirectly, in whole or part, to the subject matter of each request, including but not limited to:

(1) Papers, books, journals, ledgers, statements, purchase or sale confirmations, statements of accounts, memoranda, prospectuses, reports, invoices, work papers, notes, transcription of notes, letters, correspondence, checks, graphic representations, films, photographs, diaries, calendars, desk calendars, pocket calendars, lists, logs, publications, advertisements, messages, summaries, agreements, contracts, telegraphs, telexes, electronic mail, other electronic and digital records, transcriptions of tapes or recordings, and any other writings or tangible things on which any handwriting, typing, printing, electronic, photostatic or other form of communications or information are recorded or reproduced, as well as notations on, or pertaining to the foregoing;

(2) Originals and all other copies not absolutely identical to said originals; and

(3) All drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

F. "With respect to" shall mean consist of, refer to, reflect, or be in any way legally, logically or actually connected with the matter discussed.

G. "Relate to" shall mean consist of, refer to, reflect, or be in any way legally, logically or factually connected with the matter discussed.

H. The terms "and," "or" and "as well as" shall be construed conjunctively or disjunctively so as to require the broadest answer to any particular document requested.

I. "You" or "yours" means or refers to the plaintiff/counter-defendant Illinois Central as well as its officers, agents (including its attorneys), employees, managers, members, and any other persons or entities with whom they have the power or right to obtain the documents or information requested herein.

J. "Communicate" or "communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements or other forms of written or verbal intercourse of whatever kind.

K. Whenever appropriate herein, the singular form of a word shall be interpreted as the plural, and the masculine gender shall include the feminine gender.

L. "Person(s)" means and includes every natural person, corporate entity, partnership, association, government body or agency.

M. "Identify," "identity," "identification," "describe," or "description":

(1) When used in reference to an individual, shall mean to state his or her full name, present or last known residence, address and telephone number, business or official affiliation, business address and telephone number;

(2) When used with reference to a document, shall mean to state (a) the author of the document; (b) the date the document was first produced; c) the location of

the document; (d) the number of pages in the document; and (e) a summary of the contents of the document. In lieu of answering (d) and (e), copies of the document may be furnished;

(3) When used with reference to a corporation or partnership, shall mean to state its full name, officers, directors, shareholders, partners, its state of incorporation, and its principal place of business;

(4) When used in reference to a communication, shall mean to state (a) whether the communication is oral or in writing; (b) if in writing, its date, author, addressee, custodian, title, present location and subject matter; c) if oral, the date, persons participating, and the subject matter thereof. In lieu of identifying any written communication, copies thereof may be furnished.

N.      Unless otherwise noted, the time period for these interrogatories is from May 1, 2004 through the date of your response.

## INTERROGATORIES

INTERROGATORY NO. 1. Identify all persons with knowledge of the information contained in your answers to these and subsequent interrogatories. For each person identified, describe his or her name, address, employer, current position with Illinois Central (if any), and the answer or portion of an answer for which that person has knowledge.

ANSWER:

**INTERROGATORY NO. 2.** Identify all documents containing any information shown in your answers to these interrogatories.

ANSWER:

**INTERROGATORY NO. 3.** Identify all persons who are currently or previously were owners, shareholders, members, managers or executives of Illinois Central, and for each person identify the nature and extent of ownership, management or employment, and the dates thereof, including any changes thereto.

ANSWER:

**INTERROGATORY NO. 4.** To the extent not identified above, identify all persons who currently are or previously were agents of Illinois Central, and for each person identify the title, the nature and extent of agency, and the dates of employment or agency with Illinois Central.

ANSWER:

**INTERROGATORY NO. 5.** Identify all persons who currently are or previously were employed by Illinois Central, including their dates of employment, job classification, and last known address and telephone number.

ANSWER:

INTERROGATORY NO. 6. Describe each and every occurrence referenced in paragraphs 9, 10, 12, 15, and others of the amended complaint pertaining to interference with Illinois Central employees "on the clock." For each occurrence, identify:

- a. The date, time and location of each occurrence, and the duration thereof;
- b. All persons who witnessed the occurrence or have personal knowledge thereof;
- c. All verbal communications made, and by whom;
- d. All written communications and statements pertaining thereto;
- e. Every act, other than communication, committed by Dunlap, Browne and other agents of defendants;
- f. All persons who withheld labor, deliveries and/or services at the job site, if any, and the cause thereof.

ANSWER:


INTERROGATORY NO. 7. Describe each and every occurrence referenced in paragraph 11, 12, 13, and others of the amended complaint pertaining to interference with Illinois Central customers and prospective customers. For each occurrence, identify:

- a. The date, time and location of each occurrence and the duration thereof;
- b. All persons who witnessed the occurrence or have personal knowledge thereof, including each person's employer and job title;
- c. All verbal communications made, and by whom;

-7-

d. All written communications and statements pertaining thereto;

e. Every act, other than communication, committed by Dunlap, Browne and other agents of defendants at or about the time thereof;

f. All persons who withheld labor, deliveries and/or services at the job site, if any, and the cause thereof.

g. the address and telephone number of the main office of each customer and prospective customer, and Illinois Central's principal contact person therewith.

ANSWER:



INTERROGATORY NO. 8. Identify each and every act or statement encompassed in paragraphs 30, 37 and others of the amended complaint pertaining to false and misleading information provided to Illinois Central's customers and prospective customers. For each such instance, identify:

a. The date, time and location of each occurrence and the duration thereof;

b. All persons who witnessed the occurrence or have personal knowledge thereof, including each person's employer and job title;

c. All verbal communications made, and by whom;

d. All written communications and statements pertaining thereto;

e. Every act, other than communication, committed by Dunlap, Browne and other agents of defendants at or about the time thereof;

    f.    All persons who withheld labor, deliveries and/or services at the job site, if any, and the cause thereof; and

    g.    the address and telephone number of the main office of each customer, and Illinois Central's principal contact person with the customer or potential customer.

<u>ANSWER</u>:


<u>INTERROGATORY NO. 9.</u> Identify each and every statement encompassed in paragraph 33 and others of the amended complaint pertaining to disparaging statements made to Illinois Central's customers and prospective customers. For each such instance, identify:

    a.    The date, time and location of each occurrence and the duration thereof;

    b.    All persons who witnessed the occurrence or have personal knowledge thereof, including each person's employer and job title;

    c.    All verbal communications made, and by whom;

    d.    All written communications and statements pertaining thereto;

    e.    Every act, other than communication, committed by Dunlap, Browne and other agents of defendants at or about the time of the statements;

    f.    All persons who withheld labor, deliveries and/or services at the job site, if any, and the cause thereof; and

    g.    the address and telephone number of the main office of each customer, and Illinois Central's principal contact person with the customer or potential customer.

<u>ANSWER</u>:

INTERROGATORY NO. 10. For each customer or potential customer from whom you lost business or whom you allege defendants' conduct interfered with a business relationship, identify:

    a.    Each and every business opportunity that was lost or relationship interfered with;

    b.    The economic value thereof;

    c.    The economic effect on the plaintiff's business;

    d.    The calculation used to quantify or arrive at the economic value or effect; and

    e.    All documents that contain the information in your answer.

ANSWER:


INTERROGATORY NO. 11. Identify all expectancies that the plaintiff had for future business relationships with current or potential customers that, as a result of the defendants' alleged conduct, failed to ripen into valid relationships with new customers and/or the continuation of current relationships with customers in the future. In each instance:

    a.    Identify the current or potential customer;

    b.    Identify all impacts upon your, and your projected business plan if any;

    c.    Quantify the economic impact upon the plaintiff's business;

    d.    Provide the calculation used to quantify or arrive at the economic value or impact; and

    e.    Identify all documents that contain the information in your answer.

ANSWER:

INTERROGATORY NO. 12. To the extent not described in your answers to interrogatories nos. 10 and 11, for each and every act by the defendants alleged in the amended complaint, describe any economic impact or effect on plaintiff and its business, both current and future, identify all injuries and damages suffered by plaintiff as a result thereof, including the components of each claim, a quantification of losses or economic impact or effect for each occurrence or injury, the calculation used to arrive at the quantification, and identify all documents that contain the information in your answer.

ANSWER:

INTERROGATORY NO. 13. Identify each and every customer or potential customer who communicated with you, either orally or in writing, regarding the defendants' conduct alleged in the amended complaint, and for each such contact identify:

    a.    the persons involved;

    b.    the date of contact;

    c.    the method of contact;

    d.    describe what was said if the contact was oral; and

    e.    Identify all documents that contain the information in your answer.

ANSWER:

<u>INTERROGATORY NO. 14.</u>  For the period January 1, 2006 to the date of your answer, identify each and every job and project undertaken by Illinois Central.  For each job or project, identify:

    a.      Entity sponsoring and/or financing the project;

    b      entity with which Illinois Central contracted;

    c.      contract number or other identifying number;

    c      all contract documents, including bidding records;

    d      duration of the project; and

    e      the portion of the project, if any, for which Illinois Central paid its employees prevailing wages.

<u>ANSWER:</u>

<u>INTERROGATORY NO. 15..</u>  To the extent not identified above, identify each and every job and project for which Illinois Central submitted a bid.  For each job or project, identify:

    a.      Entity sponsoring and/or financing the project;

    b      entity to which Illinois Central submitted the bid;

    c.      contract number or other identifying number; and

    c      all bidding records.

<u>ANSWER:</u>

<u>INTERROGATORY NO. 16.</u>  For the period January 1, 2004 to the date of your answer, described the total annual sales by Illinois Central to each and every client.

<u>ANSWER:</u>

<u>INTERROGATORY NO. 17.</u>  For the entire period of its existence, identify all civil and criminal proceedings involving Illinois Central or any of the persons identified in Request no. 3.  For each such proceeding, include:

    a. the case title and number, and the court wherein the proceeding occurred;

    b. the nature of the proceeding and the amount of claim, if any; and

    c. the outcome of the proceeding, including judgment or conviction.

<u>ANSWER:</u>

<u>INTERROGATORY NO. 18.</u>  For each and every project identified in your answer to Interrogatory No. 10, identify those projects for which you paid prevailing wages under the Illinois Prevailing Wage Act, 820 ILCS 130/1 et seq., and identify the payroll records that reflect the prevailing wages paid to every employee to have worked on the project.

<u>ANSWER:</u>

INTERROGATORY NO. 19. Identify all communications between Devries and Illinois Central employees pertaining in whole or part to Elgin Sweeping, including:

    a.    The dates, times and locations of those communications;

    b.    All persons to whom communication made;

    c.    All written and oral statements made, and by whom; and

    d.    The purpose of such statements.

ANSWER:

INTERROGATORY NO. 20. Identify all sources (including persons and publications), if any, of information relating to Elgin and that

    a.    Dunlap had relatives who worked for Elgin;

    b.    Dunlap and Local 731 President Terrence Hancock accepted sweeping services from Elgin at their homes free of charge;

    c.    Dunlap was "in bed" with Elgin; and

    d.    Dunlap was "coming after" Illinois Central, and was "out to get" Illinois Central, because Illinois Central took a sweeping contract away from Elgin with the Cook County Highway Department.

For each source, identify the time, date and location that the information was obtained, and by whom.

ANSWER:

<u>INTERROGATORY NO. 21.</u>   Identify all acts by Defendant International Brotherhood of Teamsters instigating, directing, ratifying or approving the acts complained of in the amended complaint.

<u>ANSWER:</u>

Respectfully submitted,

_____
Robert E. Bloch
Attorney for Local 731

ROBERT E. BLOCH
STEVEN W. JADOS
DOWD, BLOCH & BENNETT
8 South Michigan Avenue,
19th Floor
Chicago, IL 60603
312/372-1361