UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CENTRAL SWEEPING, INC., )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>INTERNATIONAL BROTHERHOOD OF )<br>TEAMSTERS AND ITS AFFILIATE, )<br>LOCAL UNION 731, TIM DUNLAP )<br>AND TOM BROWN, ITS BUSINESS )<br>AGENTS, )<br>)<br>DEFENDANTS. ) | CASE NO. 07 C 7003<br><br>HONORABLE JAMES F. HOLDERMAN<br><br>MAGISTRATE JEFFREY COLE |

### RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff, Illinois Central Sweeping Service, Inc., by its attorneys, Matthew P. Connelly and Corey P. O'Dell, in response to Defendant's Motion for Sanctions states as follows:

1. The statement that Plaintiff has not complied with written discovery is inaccurate. On May 12 and 14, 2008, Plaintiff served a response to Defendants' production request and interrogatories, respectively. At that time, both responses contained objections to certain interrogatories and requests in the document production. (*See* Plaintiff's responses to Defendants' discovery attached hereto as Group Exhibit A)

2. Thereafter, as ordered by the Court, the parties met, conferred, and negotiated for approximately three and one-half hours regarding the Plaintiff's objections contained in the discovery responses. As a result, the Plaintiff agreed to produce thousand of pages of documents previously objected to and agreed to include additional information in its answers to interrogatories. Several weeks later, counsel for Defendant sent a letter regarding the agreement reached by the parties during the discovery conference and

    conceded that no date was set or agreed upon for the production or supplementation of the prior discovery. The date selected by Defendants' counsel in no way reflects a reasonable time to obtain and produce the volume of documents requested. For example, in counsel's letter of May 28, 2008, attached as Exhibit "B", paragraph number 5 discussing the request to produce indicates that Plaintiffs are to provide all contracts and payroll records for each customer identified on a previously produced spreadsheet which is enclosed as Exhibit "C". Assuming that Plaintiff can locate all of the contracts for each of its customers shown on the spreadsheets, those are likely to constitute hundreds if not thousands of pages when taken together with the payroll records for each employee performing work on that site. The same is true for the discussion concerning request number 6 in which the Plaintiff has been asked to produce all payroll records and other records relating to "any of the allegations contained in the complaint" for "any work covered under the collective bargaining agreement" for a two year period. Again, the number of jobs performed by the Plaintiff for its customers as shown on the enclosed spreadsheet for a two year period requires the Plaintiff to locate, duplicate and produce potentially hundreds if not thousands of pages of records.

3.   The statement contained in the motion that the Plaintiff has made it impossible for the Defendants to defend the suit is inaccurate. Prior to any discovery schedule being entered, the Plaintiff's Rule 26(a) disclosures listed the names of twelve employees, ten of whom were stopped and questioned by the union's business agents while performing, or attempting to perform, work for customers of Illinois Central Sweeping. Plaintiff's answers to interrogatories provided the dates, identities of the employees and business agents, length of time that work was stopped, and where recalled, the geographic location

    where employees were detained. Also, Plaintiff's Rule 26(a) disclosure listed the names of eleven customers contacted by the union and subjected to a variety of comments, criticisms, and defamatory statements made by the business agents about the Plaintiff. (*See* the Disclosure attached as Exhibit "D") Likewise, Plaintiff's answers to interrogatories identified the customers, where known, the individual employed by the customer that was contacted, and a general description of the statements made by the business agents. It is obvious that no one employed by Illinois Central was present during these conversations and, therefore, the date, time, place, and individuals involved are unknown to the Plaintiff other than as disclosed by Plaintiff's own customers. Well prior to the discovery cut-off, Defendants failed to notice the deposition of any of those employees or customers.

4.     The only operative allegations in the complaint concern the activities of the business agents in delaying or harassing the Plaintiff's employees and in harassing and making defamatory statements to the Plaintiff's customers. None of the Plaintiff's financial documents which are in the process of being produced, in addition to those previously produced, in any way would have aided in the preparation for taking the depositions of the employees or customers with respect to the defamatory and disparaging statements. Defendants have subpoenaed no records from any non-party, including the Plaintiff's customers. Documents produced by the Plaintiff disclose all its customers, including those not involved in this litigation as well as those customers who were contacted by the union as alleged in the complaint.

5.     It should be noted that the Defendants have not complied with Plaintiff's written discovery and continued the depositions of the individual Defendants, President of local

      731, and an additional business agent without rescheduling those depositions prior to the June 30, 2008, discovery cut-off. Therefore, the Defendants have "made it impossible" for the Plaintiff to prosecute this action.

6.    The inability to have supplemented the previous discovery responses is related to the difficulty in locating and producing the volume of records requested given the limited staff resources of the Plaintiff. As counsel for the Defendants knows, the parties are also participating in and are required to assist in the preparation of a trial on a complaint filed by the NLRB against the Defendants for their failure to sign the Collective Bargaining Agreement as well as an arbitration on a union grievance currently scheduled at the end of July 2008. Plaintiff is not willful or contumacious and has not demonstrated any contempt or disregard for the rules or this Court for the reasons set forth above.

      WHEREFORE, Plaintiff, Illinois Central Sweeping Services, Inc. moves the Court to deny Defendants' Motion for Sanctions for the reasons set forth above.

                                                 Respectfully Submitted,
                                                 Illinois Central Sweeping Service, Inc.

                                       By:     *Corey P. O'Dell*
                                                  One of its attorneys

Matthew P. Connelly, #6229052
Corey P. O'Dell, #2090228
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603
312-251-9600

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a true copy of Plaintiff's **Response to Defendants' Motion for Sanctions** was served upon the attorney of record for each other party via the ECF Filing System.

>Respectfully Submitted,
>Illinois Central Sweeping Service, Inc.
>
>By: *Corey P. O'Dell*
>One of its attorneys

Matthew P. Connelly
Garrett C. Carter
Corey P. O'Dell
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois  60603
312-251-9600