## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CENTRAL SWEEPING, INC.,    ) | |
| ) | |
| PLAINTIFF    ) | |
| ) | |
| v.    ) | |
| ) | CASE NO. 07 C 7003 |
| INTERNATIONAL BROTHERHOOD OF    ) | |
| TEAMSTERS AND ITS AFFILIATE,    ) | |
| LOCAL UNION 731, TIM DUNLAP    ) | |
| AND TOM BROWN, ITS BUSINESS    ) | |
| AGENTS,    ) | |
| ) | |
| DEFENDANTS.    ) | |

### PLAINTIFF ILLINOIS CENTRAL SWEEPING SERVICE, INC.'S RESPONSE TO DEFENDANTS' FIRST REQUESTS TO PRODUCE

To:    Defendants, International Brotherood of Teamsters and its affiliate, Local Union No. 731, Tim Dunlap and Tom Brown, its Business Agents, by and through their attorney of record, Robert E. Bloch, Dowd, Bloch & Bennett, 8 S. Michigan Avenue, 19th Floor, Chicago, Illinois 60603

Plaintiff Illinois Central Sweeping Service, LLC, by its attorneys Corey P. O'Dell and

Matthew P. Connelly, in response to Defendants' First Request to Produce states as follows:

      1.     All documents identified or referenced in your answers to Defendant Local 731's First Set of Interrogatories.

      **Response:**    **Any documents identified or referenced in the answers to interrogatories are enclosed.**

      2.     Illinois Central's articles of incorporation, by-laws, employer identification number, corporate minutes, corporate resolutions, corporate filings, annual statements, documents evidencing franchise tax payments, and licenses.

      **Response:**    **Plaintiff encloses its articles of incorporation and employer identification number. Plaintiff objects to producing the balance of the documents requested as irrelevant, immaterial, and not reasonably calculated to lead to the disclosure of discoverable evidence. Additionally, Plaintiff's corporate minutes, resolutions,**



**filings, annual statements, and franchise tax payments and licenses
are not reasonably related to any of the issues in this matter.**

3.    For the period January 1, 2005 (or the first day of the fiscal year preceding it, if a different date) through the date of your response, all documents that constitute, relate to, identify, or provide any information concerning Illinois Central's financial activity, including but not limited to:

a.    financial statements;
b.    profit and loss statements;
c.    assets;
d.    liabilities;
e.    accounts receivable and accounts payable;
f.    inventory;
g.    cash disbursements;
h.    checks ledgers;
i.    invoices;
j.    books, accounts, payroll records, ledgers;
k.    dividends, earnings;
l.    transfers or receipts of capital;
m.    loans and mortgages;
n.    financial guarantees;
o.    grants or receipts of credit or financing;
p.    UCC filings;
q.    notices of bulk transfer;
r.    liens which were placed on any Illinois Central property or assets.

**Response:**    **Plaintiff objects to producing the financial documents requested in that the same are irrelevant, immaterial, and not reasonably calculated to lead to the disclosure of discoverable evidence. Additionally, the documents requested are not reasonably related to any of the issues in this matter. Answering further, Defendant has audited the Plaintiff's books, accounts, payroll records, and ledgers on several occasions. Financial statements and profit & loss statements will be provided upon entry of an appropriate protective order.**

4.    To the extent not included in Request No. 3, all documents that constitute, relate to, identify, or provide information concerning all earnings, expenses and assets of Illinois Central on a monthly and annual (fiscal year) basis.

**Response:**    **Plaintiff objects to producing the financial documents requested in that the same are irrelevant, immaterial, and not reasonably calculated to lead to the disclosure of discoverable evidence. Additionally, the documents requested are not reasonably related to any of the issues in this matter. Answering further, Defendant has audited the Plaintiff's books, accounts, payroll records, and ledgers**

on several occasions.    Financial statements and profit & loss statements will be provided upon entry of an appropriate protective order.

5.    For the period January 1, 2005 through the date of your response, and for each and every Illinois Central customer, including but not limited to James McHugh Construction Co., Walsh Construction Co., F.H. Paschen Co., the Cook County Highway Department, all entities identified on the sworn affidavit attached hereto as Appendix A., and all entities identified in your Rule 26(a) disclosures, all:

a.    contracts;
b.    work records;
c.    records of daily activities;
d.    job tickets;
e.    change orders;
e.    invoices;
f.    payment records;
g.    payroll records maintained pursuant to the Illinois Prevailing Wage Act;
h.    correspondence;
i.    notes of conversations; and
j.    witness statements.

**Response:    Plaintiff objects to producing copies of its contracts, work records, invoices, and payment records as the same are proprietary and tend to disclose information concerning the Plaintiff's customer pricing which would be of benefit to Plaintiff's competitors and is, essentially, private information. Plaintiff will produce copies of its contracts and invoices with respect of the customers mentioned upon entry of an appropriate protective order prohibiting disclosure of the same. Plaintiff objects to producing the balance of the documents requested in that they are irrelevant, immaterial, burdensome, and not reasonably calculated to lead to the disclosure of discoverable evidence. Answering further, Defendant has audited Plaintiff's payroll records on several occasions concerning payment of wages under the Illinois Prevailing Wage Act. At the present, Plaintiff has no witness statements to produce or notes of conversations concerning the subject matter of this request.**

6.    For the period January 1, 2006 through the date of your response, and for each and every current and former employee that performed any work covered under the CBA, records showing:

a.    last known home address and telephone number;
b.    job classification;
c.    daily time records;
d.    daily job tickets;
e.    weekly time records;
f.    weekly payroll;

g.    annual payroll;
h.    witness statements; and
i.    other records pertaining in whole or part to the allegations of the amended complaint.

**Response:    Plaintiff objects to producing the records concerning its current and former employees as the same is irrelevant, immaterial, and not reasonably calculated to lead to the disclosure of discoverable evidence.  Answering further, the records requested are not reasonably related to any issues in this matter.  Answering further, Defendant has much of the information requested in that it has audited Plaintiff's records on several occasions.  Production of the daily and weekly time records and job tickets is burdensome and is not specifically enough described for the Plaintiff to determine which jobs are referred to.  Additionally, Defendant is in possession of annual payroll records upon which benefits payments are calculated and paid on behalf of the Defendants' employees. Plaintiff has no witness statements concerning the subject matter of this request.**

7.    All documents that show, in whole or part, the basis for Illinois Central's damages claim, including but not limited to documents showing the method of calculating damages.

**Response:    Plaintiff will produce documents supporting its damage claim upon entry of an appropriate protective order prohibiting disclosure of the records to third parties.**

Respectfully Submitted,
Illinois Central Sweeping Service, Inc.

By: _____

By: _____
One of its attorneys

Matthew P. Connelly, #6229052
Corey P. O'Dell, #2090228
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois  60603
312-251-9600

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, states that he served the aforementioned document on the attorneys of record as listed by sending a true and correct copy by U.S. Mail, proper postage prepaid, and email on May 12, 2008.

Respectfully Submitted,
Illinois Central Sweeping Service, Inc.

By: _____
       One of its attorneys

Matthew P. Connelly, #58192
Garrett C. Carter
Corey P. O'Dell
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois  60603
312-251-9600

## CERTIFICATION AS TO ANSWER

The undersigned, under penalties as provided by law, certifies that the Response to Defendant's First Requests to Produce are true and correct and complete in terms of FRCP 34, except as indicated.

SUBSCRIBED and SWORN to before
me this 9TH day of May , 2008.

Notary Public

"OFFICIAL SEAL"
KAREN E DEVRIES
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/13/11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS CENTRAL SWEEPING, INC., | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 07 C 7003 |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| TEAMSTERS AND ITS AFFILIATE, | ) | |
| LOCAL UNION 731, TIM DUNLAP | ) | |
| AND TOM BROWN, ITS BUSINESS | ) | |
| AGENTS, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF ILLINOIS CENTRAL SWEEPING SERVICE, INC.'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

To:     Defendants, International Brotherood of Teamsters and its affiliate, Local Union No. 731, Tim Dunlap and Tom Brown, its Business Agents, by and through their attorney of record, Robert E. Bloch, Dowd, Bloch & Bennett, 8 S. Michigan Avenue, 19th Floor, Chicago, Illinois 60603

Plaintiff, Illinois Central Sweeping Service, Inc., by its attorneys, Corey P. O'Dell and

Matthew P. Connelly, in response to Defendants' First Set of Interrogatories, states as follows:

Interrogatory No. 1.:   Identify all persons with knowledge of the information contained in your answers to these and subsequent interrogatories. For each person identified, describe his or her name, address, employer, current position with Illinois Central (if any), and the answer or portion of an answer for which that person has knowledge.

**Response:**     **Chuck DeVries prepared the answers to these interrogatories with the assistance of counsel.**

Interrogatory No. 2.:   Identify all documents containing any information shown in your answer to these interrogatories.

**Response:**     **Any documents containing information or otherwise referred to have been, or will be, produced by our attorneys in response to Defendants' First Request to Produce.**

Interrogatory No. 3.: Identify all persons who are currently or previously were owners, shareholders, members, managers or executives of Illinois Central, and for each person identify the nature and extent of ownership, management or employment, and the dates thereof, including any changes thereto.

**Response:**    **Previous Member: Dennis Brown 50%  March 24, 2004-June 15, 2005**

**Non-active member**

**Managing Member: Bruce D. Barr 50% March 24, 2004 to June 15,2005; June 16, 2005-present 51%   Non-active member**

**Member:  Charles DeVries 49% June 16, 2005 to present**

**Manager**

Interrogatory No. 4.: To the extent not identified above, identify all persons who currently are or previously were agents of Illinois Central, and for each person identify the title, the nature and extent of agency, and the dates of employment or agency with Illinois Central.

**Response:**    **Plaintiff objects to this interrogatory in that it is vague in requesting information about "all persons who currently are or previously were agents" of the Plaintiff and further information about "the nature and extent of" their agency.  Additionally, the interrogatory appears to request information which is irrelevant, immaterial, and not reasonably calculated to lead to the disclosure of discoverable evidence.**

Interrogatory No. 5.: Identify all persons who currently are or previously were employed by Illinois Central, including their dates of employment, job classification, and last known address and telephone number.

**Response:**    **Plaintiff objects to this interrogatory in that it requests information about "all persons who currently are or previously were employed" by the Plaintiff as the same is irrelevant, immaterial, burdensome, and not reasonably calculated to lead to the disclosure of discoverable evidence.   Without waiving these objections, see the documents produced by our attorneys.**

Interrogatory No. 6.: Describe each and every occurrence referenced in paragraphs 9, 10, 12, 15, and others of the amended complaint pertaining to interference with Illinois Central employees "on the clock."  For each occurrence, identify:

a.    The date, time and location of each occurrence, and the duration thereof;

b.    All persons who witnessed the occurrence or have personal knowledge thereof;

c.    All verbal communications made, and by whom;

d.   All written communications and statements pertaining thereto;

e.   Every act, other than communication, committed by Dunlap, Browne and other agents of defendants;

f.   All persons who withheld labor, deliveries and/or services at the job site, if any, and the cause thereof.

**Response:**

a.   **June 22, 2007  during work day    Orland Park        Approx 15-20 mins**

  **June 25, 2007  during work day    Posen              Approx 15-20 mins**

  **June 25, 2007  during work day    unknown            Approx 15-20 mins**

  **July 10, 2007  during work day    unknown            Approx 15-20 mins**

  **Aug 15, 2007  during work day    unknown            Approx 15-20 mins**

  **Aug 16, 2007  during work day    unknown            Approx 15-20 mins**

  **Aug 21, 2007  during work day    unknown            Approx 15-20 mins**

  **Aug 21, 2007  during work day    unknown            Approx 15-20 mins**

  **Sept 12, 2007  during work day    unknown            Approx 15-20 mins**

  **Sept 18, 2007  during work day    unknown            Approx 15-20 mins**

b.   **Celeste Strictland**

  **Mark Hejna**

  **Mike Timm Sr.**

  **Mike Timm Jr.**

  **Bill DeVries**

  **Sam Santamaria**

  **Steve White**

  **Rick Graham**

c.   **Mike Sondolski, Tom Browne, Tim Dunlap and another unknown business agent questioned employees about a variety of subjects related to their**

employment, compensation and benefits and made disparaging statements about ICSS as an employer, better described at a deposition.

    d.    **None known**

    e.    **Stopped drivers while on clock, interfered with job production. Sent multiple letters threatening customers if they continued using Illinois Central Sweeping.**

    f.    **See response to interrogatory number 6 c. above. Caused ICS to pay extra wages because it held back drivers from working.**

Interrogatory No. 7.: Describe each and every occurrence referenced in paragraph 11, 12, 13, and others of the amended compliant pertaining to interference with Illinois Central customers and prospective customers. For each occurrence, identify:

    a.    The date, time and location of each occurrence and the duration thereof;

    b.    All persons who witnessed the occurrence or have personal knowledge thereof, including each person's employer and job title;

    c.    All verbal communications made, and by whom;

    d.    All written communications and statements pertaining thereto;

    e.    Every act, other than communication, committed by Dunlap, Browne and other agents of defendants at or about the time thereof;

    f.    All persons who withheld labor, deliveries and/or services at the job site, if any, and the cause thereof.

    g.    the address and telephone number of the main office of each customer and prospective customer, and Illinois Central's principal contact person therewith.

**Response:**    **See response to interrogatory number 8 below.**

Interrogatory No. 8.: Identify each and every act or statement encompassed in paragraphs 30, 37 and others of the amended complaint pertaining to false and misleading information provided to Illinois Central's customers and prospective customers. For each such instance, identify:

a.    The date, time and location of each occurrence and the duration thereof;

b.    All persons who witnesses the occurrence or have personal knowledge thereof, including each person's employer and job title;

c.    All verbal communications made, and by whom;

d.    All written communications and statements pertaining thereto;

e.    Every act, other than communication, committed by Dunlap, Browne and other agents of defendants at or about the time thereof;

f.    All persons who withheld labor, deliveries and/or services at the job site, if any, and the cause thereof; and

g.    the address and telephone number of the main office of each customer, and Illinois Central's principal contact person with the customer or potential customer.

**Response:**

a.    **Dates currently unknown.**

b.    **Paul Kennedy, Supervisor, Walsh Construction**

**Keith-Foreman, John-Foreman, Terry Papp-Superintendent Alpha Construction**

**Ann Wilson, Bigane Paving**

**Joe Benson, Central Blacktop**

**Mike-Superintendent, Crowley Shepard**

**Chris-Superintendent, F.H. Paschen**

**Liz McHugh, James McHugh Construction**

**Keith Sankey, Cook County Purchasing**

**Joe Giovanni-Superintendent, John Colletta-Foreman, K-Five Construction**

c.    **In summary, the business agents said ICSS was not a union employer,did not pay proper wages and benefits,did not pay union dues and asked customers why they used ICSS and not Elgin Sweeping and to not use ICSS in the future**

    **d.**      **Letters sent to customers, not in our possession at present**

    **e.**      **See response to 8 c. above**

    **f.**      **See response to interrogatory number 6 above**

    **g.**      **Information already provided**

Interrogatory No. 9.:  Identify each and every statement encompassed in paragraph 33 and others of the amended complaint pertaining to disparaging statements made to Illinois Central's customers and prospective customers.  For each such instance, identify:

    a.      The date, time and location of each such occurrence and the duration thereof;

    b.      All persons who witnessed the occurrence or have personal knowledge thereof, including each person's employer and job title;

    c.      All verbal communications made, and by whom;

    d.      All written communications and statements pertaining thereto;

    e.      Every act, other than communication, committed by Dunlap, Browne and other agents of defendants at or about the time of the statements;

    f.      All persons who withheld labor, deliveries and/or services at the job site, if any, and the cause thereof; and

    g.      the address and telephone number of the main office of each customer, and Illinois Central's principal contact person with the customer or potential customer.

**Response:**

    **a.**      **See response to interrogatory number 8  above**

    **b.**      **See response to interrogatory number  8 b. above**

    **c.**      **See response to interrogatory number 8. above**

    **d.**      **See response to interrogatory number 8 above**

    **e.**      **See response to interrogatory number 8. above**

    **f.**      **See response to interrogatory number 8 above**

    **g.**      **Information previously provided by our attorneys**

Interrogatory No. 10.: For each customer or potential customer from whom you lost business or whom you allege defendants' conduct interfered with a business relationship, identify:

a.    Each and every business opportunity that was lost or relationship interfered with;

b.    The economic value thereof;

c.    The economic effect on the plaintiff's business;

d.    The calculation used to quantify or arrive at the economic value or effect; and

e.    All documents that contain the information in your answer.

**Response:**

**a.    Unlimited and unknown number of potential customers in addition to loss of past and current customers**

**b.    $600,000 + from established customers per year plus unknown value of new business.**

**c.    Loss of gross and net revenue.**

**d.    Sales revenue differential from 2006 to present.**

**e.    Previously provided by our attorneys.**

Interrogatory No. 11.: Identify all expectancies that the plaintiff had for future business relationships with current or potential customers that, as a result of defendants' alleged conduct, failed to ripen into valid relationships with new customers and/or the continuation of current relationships with customers in the future.  In each instance:

a.    Identify the current or potential customer;

b.    Identify all impacts upon your, and your projected business plan if any;

c.    Quantify the economic impact upon the plaintiff's business;

d.    Provide the calculation used to quantify or arrive at the economic value or impact; and

e.    Identify all documents that contain the information in your answer.

**Response:**

**a.    See response to interrogatory numbers 8  and 10 above, undetermined value of potential business.**

    b.      lost revenues, lost customer base.

    c.      **See response to interrogatory 10 above.**

    d.      **See response to interrogatory number 10 above**

    e.      **See documents produced by our attorneys.**

Interrogatory No. 12.: To the extent not described in your answers to interrogatories nos. 10 and 11, for each and every act by the defendants alleged in the amended complaint, describe any economic impact or effect on plaintiff and its business, both current and future, identify all injuries and damages suffered by plaintiff as a result thereof, including the components of each claim, a quantification of losses or economic impact or effect for each occurrence or injury, the calculation used to arrive at the quantification, and identify all documents that contain the information in your answer.

**Response:**    **See response to interrogatory numbers 10 & 11 above**

Interrogatory No. 13.: Identify each and every customer or potential customer who communicated with you, either orally or in writing, regarding the defendants' conduct alleged in the amended complaint, and for each such contact identify:

    a.      the persons involved;

    b.      the date of contact;

    c.      the method of contact;

    d.      describe what was said if the contact was oral; and

    e.      Identify all documents that contain the information in your answer.

**Response:**    **See response to interrogatory numbers 9, 10 & 11 above**

Interrogatory No. 14.: For the period January 1, 2006 to the date of your answer, identify each and every job and project undertaken by Illinois Central. For each job or project, identify:

    a.      Entity sponsoring and/or financing the project;

    b.      entity with which Illinois Central contracted;

    c.      contract number or other identifying number;

    c.      all contract documents, including bidding records;

    d.      duration of the project; and

    e.      the portion of the project, if any, for which Illinois Central paid its employees prevailing wages.

**Response:**    **Plaintiff objects to this interrogatory in that it requests information which is irrelevant, immaterial, and not reasonably calculated to lead to the disclosure of discoverable evidence.    Additionally, this interrogatory does not request information reasonably related to any of the issues in this matter.    Plaintiff further objects to producing copies of its contract or contract documents until such time as an appropriate protective order is entered preventing disclosure of that information to third parties.**

Interrogatory No. 15.: To the extent not identified above, identify each and every job and project for which Illinois Central submitted a bid.  For each job or project, identify:

a.    Entity sponsoring and/or financing the project;

b.    entity to which Illinois Central submitted the bid;

c.    contract number or other identifying number; and

c.    all bidding records.

**Response:**    **See response to interrogatory number 14 above.**

Interrogatory No. 16.: For the period January 1, 2004 to the date of your answer, described the total annual sales by Illinois Central to each and every client.

**Response:**    **See documents produced by our attorneys**

Interrogatory No. 17.: For the entire period of its existence, identify all civil and criminal proceedings involving Illinois Central or any of the persons identified in Request no. 3.  For each such proceeding, include:

a.    the case title and number, and the court wherein the proceeding occurred;

b.    the nature of the proceeding and the amount of claim, if any; and

c.    the outcome of the proceeding, including judgment or conviction.

**Response:**    **Only this lawsuit.**

Interrogatory No. 18.: For each and every project identified in your answer to Interrogatory No. 10, identify those projects for which you paid prevailing wages under the Illinois Prevailing Wage Act, 820 ILCS 130/1 et seq., and identify the payroll records that reflect the prevailing wages paid to every employee to have worked on the project.

**Response:  This information will be produced by our attorneys once it has been determined through a review of our records.**

Interrogatory No. 19.: Identify all communications between Devries and Illinois Central employees pertaining in whole or part to Elgin Sweeping, including:

a.    The dates, times and locations of those communications;

b.    All persons to whom communication made;

c.    All written and oral statements made, and by whom; and

d.    The purpose of such statements.

**Response:    None recalled at present**

Interrogatory No. 20.: Identify all sources (including persons and publications), if any, of information relating to Elgin and that

a.    Dunlap had relatives who worked for Elgin;

b.    Dunlap and Local 731 President Terrence Hancock accepted sweeping services from Elgin at their homes free of charge;

c.    Dunlap was "in bed" with Elgin; and

d.    Dunlap was "coming after" Illinois Central, and was "out to get" Illinois Central, because Illinois Central took a sweeping contract away from Elgin with the Cook County Highway Department.

For each source, identify the time, date and location that the information was obtained, and by whom.

**Response:    a.  James Lake, a former Elgin Sweeping employee/ ICSS employee. The statement was made to Chuck DeVries during James Lake employment with ICSS in DeVries office.**

**b.  No knowledge of statement.**

**c.  No knowledge of statement.**

**d.  Chuck DeVries opinion after actions taken by Dunlap and Union.**

Interrogatory No. 21.: Identify all acts by Defendant International Brotherhood of Teamsters instigating, directing, ratifying or approving the acts complained of in the amended complaint.

**Response:    All of the acts described in the amended complaint were performed by the Defendant or its employees, agents, and servants. All of the acts identified in the amended complaint were brought to the attention of the local, specifically, Terry Hancock.**

## CERTIFICATION AS TO ANSWER

The undersigned, under penalties as provided by law, certifies that the Response to Defendant's First Set of Interrogatories are true and correct and complete in terms of FRCP 33, except as indicated.

SUBSCRIBED and SWORN to before
me this 9th day of May , 2008.

Notary Public

"OFFICIAL SEAL"
KAREN E DEVRIES
NOTARY PUBLIC,STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/13/11

Respectfully Submitted,
Illinois Central Sweeping Service, Inc.

By: _____

By: _____
                One of its attorneys

Matthew P. Connelly, #6229052
Corey P. O'Dell, #2090228
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois  60603
312-251-9600

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, states that he served the aforementioned document on the attorneys of record as listed by sending a true and correct copy by U.S. Mail, proper postage prepaid, on ___May 14, 2008___.

Respectfully Submitted,
Illinois Central Sweeping Service, Inc.

By: _____
One of its attorneys

Matthew P. Connelly
Garrett C. Carter
Corey P. O'Dell
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603
312-251-9600

LAW OFFICES

# DOWD, BLOCH & BENNETT

8 SOUTH MICHIGAN AVENUE  •  19TH FLOOR

CHICAGO, ILLINOIS 60603-3315

PHONE (312) 372-1361

FAX (312) 372-6599

J. PETER DOWD
ROBERT E. BLOCH
BARRY M. BENNETT
ROBERT S. CERVONE
RONALD M. WILLIS
——
MICHELE M. REYNOLDS
JUSTIN J. LANNOYE
LAKISHA M. KINSEY-SALLIS
STEVEN W. JADOS

By telefax and U.S. mail
(312-251-9601)

May 28, 2008

Mr. Corey P. O'Dell
Connelly Roberts & McGivney LLC
One N. Franklin Street, Suite 1200
Chicago, IL 60606

Re: *Illinois Central Sweeping Services v.
Teamsters Local 731*
Case *07 C 7003*

Dear Mr. O'Dell:

This letter is to summarize the understandings achieved in our second Rule 37.2 conference, held on May 16 pursuant to Judge Cole's Order, regarding plaintiff's discovery production in this matter. The interrogatories and requests to produce identified below were in dispute as of the date of our conference:

Defendant's Interrogatories

No. 4:     I have agreed that the interrogatory will be limited to persons who are employed by Illinois Central, and as amended you have agreed to answer the interrogatory.

No. 5:     You have agreed to answer this interrogatory in full, and the information will be provided in documentary form.

No. 6:     You have agreed to revise your answer so that each occurrence is identified, and for each occurrence you will provide the requested information.

No. 7:     You have agreed to revise your answer so that each occurrence is identified, and for each occurrence you will provide the requested information.



EXHIBIT

B

● ⬡ 228

# DOWD, BLOCH & BENNETT

Mr. Corey P. O'Dell
Page 2

No. 8:    You have agreed to revise your answer so that each act or statement is identified, and for each occurrence you will provide the requested information.

No. 9:    You have agreed to revise your answer so that each statement is identified, and for each statement you will provide the requested information.

No. 10:   You have agreed to revise your answer so that each customer or potential customer is identified, and for each entity you will provide the requested information.

No. 11:   You have agreed to revise your answer so that each customer or potential customer is identified, and for each entity you will provide the requested information.

No. 12:   You have agreed to revise your answer so that each occurrence is identified, and for each occurrence you will provide the requested information.

No. 13:   You have agreed to revise your answer so that each customer or potential customer is identified, and for each entity you will provide the requested information.

No. 14:   We have agreed that you will answer the interrogatory in full, and I have agreed to limit production of certain documents, as discussed below.

No. 15:   I have agreed that the interrogatory will be limited to all bids that were rejected, and as amended you have agreed to answer the interrogatory.

No. 18:   You have agreed to answer this interrogatory in full.

No. 21:   Your answer to this interrogatory is non-responsive in that it does not address the International Union directly. We have discussed that, if defendant Local 731 will not assert in this proceeding that the International Union is liable for Local 731's obligations, your client will dismiss the International Union from the lawsuit.


Defendant's Requests to Produce

No. 1:    You have agreed to produce any remaining documents responsive to this request.

No. 2:    This request will be withdrawn when the complaint is amended to correctly identify the plaintiff as Illinois Central Sweeping, LLC.

228

# DOWD, BLOCH & BENNETT

Mr. Corey P. O'Dell
Page 3

No.3:     You have agreed to produce profit and loss statements for 2005 and 2006, and to produce tax returns for 2005 and 2007.

You have also agreed to produce the records identified in the following subcategories:

     g.    cash disbursements;
     h.    checks ledgers;
     i.    invoices; and
     j.    payroll records, ledgers (as amended).

You have also agreed to provide a written summary of the records identified in the following subcategories and to make the original records available for inspection:

     c.    assets;
     d.    liabilities;
     e.    accounts receivable and accounts payable;
     f.    inventory;
     k.    dividends, earnings;
     l.    transfers or receipts of capital;
     m.    loans and mortgages;
     n.    financial guarantees;
     o.    grants or receipts of credit or financing;
     p.    UCC filings;
     q.    notices of bulk transfer; and
     r.    liens which were placed on any Illinois Central property or assets.

No. 4:    I have agreed that the request will be limited to annual statements only, and as amended you have agreed to produce the identified records.

No. 5:    You have provided a spreadsheet that is partially responsive to this request. You have agreed to produce the records identified in the following subcategories:

     a.    contracts;
     g.    payroll records; and
     j.    witness statements.

I have agreed to accept this limited production for the time being, and I reserve the right to request the remainder of the documents later.

**DOWD, BLOCH & BENNETT**

Mr. Corey P. O'Dell
Page 4

No. 6:      You have agreed to produce the following documents:

        a.     last known home address and telephone number;
        b.     job classification;
        f.     weekly payroll;
        g.     annual payroll;
        h.     witness statements; and
        i.     other records pertaining in whole or part to the allegations of the amended
             complaint.

       I have agreed to accept this limited production for the time being, and I reserve the right to request the remainder of the documents later.

No. 7:      You have agreed to produce the documents responsive to the request.

       Though we did not specify a date for responding to these requests, I expect to receive responses no later than June 6, 2008, which is three weeks after our conference date.

       If this letter misstates our understanding in general or with regard to any particular item, please so notify me promptly in order that the matter can be brought before Judge Cole.

                            Sincerely,

                            Robert E. Bloch

REB/ms

cc:    T. J. Hancock

# EXHIBIT C
# IS MARKED

# "CONFIDENTIAL"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS CENTRAL SWEEPING, INC.,  )
                                 )
        PLAINTIFF           )
                                 )
v.                                )
                                 )
INTERNATIONAL BROTHERHOOD OF  )     CASE NO. 07 C 7003
TEAMSTERS AND ITS AFFILIATE,    )
LOCAL UNION 731, TIM DUNLAP     )     JUDGE JAMES HOLDERMAN
AND TOM BROWN, ITS BUSINESS    )
AGENTS,                         )
                                 )
        DEFENDANTS.     )

## RULE 26(a) DISCLOSURES

Illinois Central Sweeping, Inc. by and through its attorneys, Matthew P. Connelly and Corey P. O'Dell, pursuant to Rule 26(a) disclose the following:

1.    The names of individuals likely to have discoverable information:

The following present and former employees of Illinois Central Sweeping, Inc. have knowledge of the allegations of the Complaint including, but not limited to, that while employed on the clock, they were stopped by Defendants' business agents and questioned about their employment with the Plaintiff. These individuals also heard the statements which Plaintiff claims were disparaging and inaccurate concerning payment of benefits to these employees. Additionally, these individuals have knowledge of derogatory and other statements made to Plaintiff's customers and clients which Plaintiff claims were infamatory or otherwise interfered with their business relationship, in the past, at present, and in the future with those customers and clients:

Joe Socco



Celeste Herbig

Mark Hejna

Sam Santamaria

Jifara Nemeh

Mike Timm Jr.

Mike Timm Sr.

Bill DeVries

Chuck DeVries

Cheryl DeVries

Victor Salazar

Steven White

Chuck DeVries and Cheryl DeVries have knowledge of the multiple audits referred to in the Complaint as well as communications between representatives of the local and Plaintiff's employees and customers as described above.

The individual Defendants, and other representatives of the local including Mike Sondowski have knowledge of the communications between the local and Plaintiff's employees as well as Plaintiff's customers and clients as set forth above. With respect to those customers and clients, representatives of the following have knowledge of the statements made by the business agents and others associated with the Union which were detrimental to the business interest of the Plaintiff:

Alpha Construction (Keith and Terri, representatives holding unknown titles with Alpha)

McHugh (Randy)

Village of Hinsdale

K-5

Big Gain Construction

Crowley-Shepard

Walsh Construction

Central Blacktop

FH Passion Construction Company, Inc.

Cook County Highway Department

Fiala Paving

It is reasonably assumed that representatives of each of the foregoing whose names are not currently known will testify to their contractual relationships with the Plaintiff and any communication received by them from representatives of local 731.

2.      Copies or a description of all documents or other tangible information which are in the possession or control of the Plaintiff.

Plaintiff will produce copies of its contracts and agreements with the customers and clients listed above prior to the initiation of formal discussion. In addition, Plaintiff has certain notices sent by the Union to its customers advising of a dispute between the local and the Plaintiff, although these documents should also be in the possession of the Defendants. Additionally, Plaintiff has certain accounting documents which show, or tend to reflect, gross revenues for the period of time affected and from which any business loss can be inferred or determined with some degree of accuracy. Plaintiff assumes that these documents supports its claims and are otherwise relevant to the issues in the Complaint.

3.      Computation of each category of damages.

Plaintiff has requested injunctive relief because it is difficult in the absence of an admission by a customer or client, to compute a given past, present, or future business loss as a result of an impairment in Plaintiff's business relationship following the communication by the local or its agents.  In general, Plaintiff's revenues doubled from the first to the second year of its operation and from the second to the third year.  In the third, fourth year of its operation Plaintiff suffered a loss or diminution in gross revenue of approximately $600,000.  Plaintiff has no way of currently calculating its future loss of revenue as a result of the allegations contained in the Complaint.  Plaintiff also reasonably expected to have increased its business over the level of its past gross revenue.  In addition, Plaintiff reasonably believes that it suffered future business loss with potential business customers as a result of the activities of the Defendants and their business agents.

4.      Inspection or copying of any insurance policy.

Plaintiff does not believe that any policy of insurance issued to it has any application to this cause.

Respectfully Submitted,
Illinois Central Sweeping, Inc.

By: _____
One of its attorneys

Matthew P. Connelly
ARDC No. 6229052
Corey P. O'Dell
Garrett C. Carter
Connelly Roberts & McGivney LLC
55 W. Monroe St., Ste. 1700
Chicago, IL 60603
(312) a2251-9600 Telephone
(312) 251-9601 Facsimile

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that the aforementioned documents were served upon all attorneys of record as listed, by U.S. Mail, proper postage prepaid, from 55 W. Monroe Street, Chicago, Illinois, on the 3rd day of March 2008, before 5:00 p.m.

Respectfully Submitted,

By: _____
One of their attorneys

Matthew P. Connelly
Corey P. O'Dell
Connelly Roberts & McGivney LLC
55 W. Monroe Street, Suite 1700
Chicago, Illinois 60603
312-251-9600
Firm I.D. 37236